223 P.3d 1247 (2009)
Jada AMY, individually and as Guardian ad litem for and on behalf of I.O.A., a minor, D.M.A., a minor, and V.M.G., a minor, Respondent,
v.
KMART OF WASHINGTON LLC, d/b/a Kmart Store #3413, a Washington corporation, Appellant.
Nos. 62312-5-I, 62511-0-I.
Court of Appeals of Washington, Division 1.
December 28, 2009.
*1249 Heidi L. Mandt, Schwabe Williamson & Wyatt PC, Portland, OR, Averil Budge Rothrock, Christopher Holm Howard, Schwabe, Williamson & Wyatt, P.C., Seattle, WA, for Appellant.
Darrell L. Cochran, Bryan Daniel Doran, Pfau Cochran Vertetis Kosnoff PLLC, Tacoma, WA, Daniel Troy Logan Fasy, Pfau Cochran Vertetis Kosnoff PLLC, Seattle, WA, for Respondent.

PUBLISHED IN PART
COX, J.
¶ 1 Does a court have authority to hear a motion to compel discovery or a motion for sanctions either in the absence of a CR 26(i) certification or where the certification is allegedly defective? We hold that a court has authority to hear such motions, subject to the exercise of its sound discretion. Because the trial court in this case properly exercised its discretion both to hear the motions and to impose sanctions, we affirm the orders imposing sanctions. However, we reverse the court's decision to grant a new trial.
¶ 2 The facts are not in substantial dispute. In February 2004, Jada Amy slipped and fell on her right side in a puddle of liquids in a women's restroom located in a Kmart of Washington, LLC (Kmart) store. Amy did not report any pain to the Kmart assistant manager who responded to the incident immediately following her fall.
¶ 3 Two days after her fall Amy visited an emergency room complaining of moderate pain in her back, neck, right hip, and right arm. She received further medical treatment over the course of the next two years.
¶ 4 In February 2007, Amy commenced this personal injury action against Kmart. In March 2007, Amy propounded interrogatories to Kmart, including Interrogatory 30, requesting information regarding changes to *1250 the bathroom following the accident. In its responses in June and August 2007, Kmart indicated it would provide information once located. In June 2008, Kmart first supplied information indicating that the scene of the accident was remodeled sometime in 2004. At the time of this response, trial had been scheduled for August 11, 2008 since February 2007.
¶ 5 On July 19, 2008, Amy moved to compel and to supplement discovery. On July, 29, 2008, Amy moved for sanctions. The trial court granted both motions and imposed $10,000 in discovery sanctions against Kmart for its inexcusably late discovery responses about the bathroom remodel. Thereafter, the court also entered its order together with its findings and conclusions awarding reasonable attorney fees and costs totaling $25,627.44 in addition to the previous award of $10,000 in sanctions. Thus, discovery violation sanctions totaled $35,627.44.
¶ 6 At trial, the jury awarded Amy damages of $5,217.24. She moved for a new trial, claiming the damages were inadequate. The trial court granted the motion.
¶ 7 Kmart appeals.

DISCOVERY SANCTIONS
¶ 8 Kmart argues that the trial court erred by sanctioning its conduct. Its arguments are not meritorious.

Authority to Hear Discovery Motions
¶ 9 Kmart first argues that the trial court did not have authority to hear Amy's motion for sanctions because she failed to comply strictly with CR 26(i). We hold that a court has authority to determine whether it shall hear a motion for sanctions notwithstanding allegedly deficient compliance with a CR 26(i) certification.
¶ 10 Kmart's threshold assertion is that we review de novo "Whether a CR 26(i) Certification Sufficiently Conferred Jurisdiction on the Trial Court to Entertain a Sanction Motion and Whether the Trial Court Had Authority to Award Sanctions."[1] This misstates the proper inquiry.
¶ 11 "Subject matter jurisdiction is `the authority of the court to hear and determine the class of actions to which the case belongs.'"[2] Washington courts lack subject matter jurisdiction only in compelling circumstances because they are courts of general jurisdiction.[3] "The question of subject matter jurisdiction is a question of law that we review de novo."[4]
¶ 12 The civil rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."[5] Our supreme court has further provided that courts should interpret the civil rules in a manner "that advances the underlying purpose of the rules, which is to reach a just determination in every action."[6]
¶ 13 The primary purposes of CR 26(i) are to minimize the use of judicial resources during discovery and to encourage professional courtesy between counsel.[7] "CR 26(i) should be read as permitting a trial court to not consider a motion to compel discovery unless counsel have conferred and the movant has certified that fact. CR 26(i) should not be read as prohibiting a trial court from exercising its discretion to waive a conference *1251 and certification if, under the particular circumstances, that will fairly and sensibly streamline the progress of the case."[8]
¶ 14 Here, the threshold question is whether CR 26(i) implicates the trial court's "authority," which we read to mean its subject matter jurisdiction. The rule states:
The court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection. Counsel for the moving or objecting party shall arrange for a mutually convenient conference in person or by telephone. . . . Any motion seeking an order to compel discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met.[9]
¶ 15 Kmart's argument that the court lacked the authority (jurisdiction) to hear the motions is premised on the faulty assumption that subject matter jurisdiction is at issue in applying CR 26(i). This court rule does not implicate subject matter jurisdiction.
¶ 16 There is simply no persuasive support for the proposition that the trial court did not have subject matter jurisdiction to hear either this personal injury action or the two discovery motions at issue. For example, there is nothing in the text of CR 26(i) to suggest that the court was divested of jurisdiction to hear the motions. Moreover, there is nothing in this record to suggest that any "compelling circumstances" existed in this case to divest the trial court of its subject matter jurisdiction to hear these motions. Accordingly, we conclude that the court had jurisdiction to hear the motions. Whether it was proper to hear the motions under the circumstances of this case is not a question of jurisdiction.
¶ 17 Kmart relies on a Division Two line of cases holding that trial courts lack authority to hear these discovery motions absent strict compliance with CR 26(i).[10] But failure to comply with this court rule has nothing to do with subject matter jurisdiction.[11] Rather, a failure to comply strictly with the requirements of CR 26(i) raises the question of whether and to what extent a procedural irregularity may affect a court's ability to reach the merits of a discovery motion.

Standard of Review
¶ 18 The next question is what standard of review should apply to our determination of whether the trial court properly heard the two discovery motions in this case. Kmart urges us to apply a de novo standard of review. Amy contends that an abuse of discretion standard is more appropriate. We agree with Amy.
¶ 19 We start with the observation that CR 1 directs that the civil rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Likewise, our supreme court has stated that courts are to interpret the rules to advance their underlying purpose, which is to reach a just determination in every action.[12] Determining what is "speedy and inexpensive" for purposes of CR 1 in a particular case is a discretionary decision because it is based on the facts of that particular case.
*1252 ¶ 20 We are also guided by the well-recognized rule, announced by our supreme court in the Fisons[13] case, "that the proper standard to apply in reviewing sanctions decisions is the abuse of discretion standard."[14] In explaining its rationale for reaching that conclusion, the court stated that this standard recognizes that deference is owed to the judicial actor who is "better positioned than another to decide the issue in question."[15] That court rejected application of the de novo standard of review, observing that to apply such a standard could thwart the purpose of giving trial courts wide latitude and discretion to determine what sanctions are appropriate.[16]
¶ 21 We conclude that similar reasoning applies to whether a court should hear discovery motions where strict compliance with CR 26(i) is lacking. We see no persuasive distinction between the rationale for permitting the trial court to exercise its discretion to decide a discovery motion and permitting the trial court to also exercise its discretion whether to hear a discovery motion. In both cases it is the judicial actor who is "better positioned than another to decide the issue in question."[17]
¶ 22 For these reasons, we conclude that the proper standard of review to apply to a trial court's decision to hear a discovery motion in the absence of strict compliance with CR 26(i) is whether the decision is manifestly unreasonable or based on untenable grounds.[18] A court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law.[19]
¶ 23 Kmart relies on the same Division Two cases that hold that a court has no jurisdiction to hear a discovery motion without a CR 26(i) certification for the conclusion that such a decision should be reviewed de novo.[20] We also disagree with that conclusion in those cases.
¶ 24 In Case v. Dundom,[21] a divided Division Two panel held that the language of CR 26(i) is mandatory, not permissive, and that the trial court's decision to hear a CR 37 motion is subject to de novo review.[22] Reaffirming a rule first articulated in Rudolph v. Empirical Research Sys., Inc.,[23] which is also a Division Two case, the court held that the trial court lacked discretion to hear a CR 37 motion.[24]
¶ 25 Judge Morgan dissented.[25] According to him, "CR 26(i) should be read as permitting a trial court to not consider a motion to compel discovery unless counsel have conferred and the movant has certified that fact. CR 26(i) should not be read as prohibiting a trial court from exercising its discretion to waive a conference and certification if, under the particular circumstances, that will fairly and sensibly streamline the progress of the case."[26] In short, "the rule should be a shield that protects the court from becoming involved in half-baked discovery disputes, not a sword for the discovery violator to wield against the court."[27]
¶ 26 Judge Morgan responded to the statutory construction principle on which the majority relied for its holding by noting that Federal Rule of Civil Procedure (FRCP) 37(a),[28] which serves a similar purpose to CR *1253 26(i), also contains mandatory language, but that most federal courts do not apply the rule in that fashion.[29] He went on to provide a hypothetical illustrating why a mandatory approach to the rule made no sense:
Suppose that Party A brings a motion to compel discovery against Party B. Party A fails to certify that a discovery conference has occurred. The court chooses to believe that a conference would do no good, and to waive the requirements of CR 26(i). The court finds that Party B has violated the discovery rules, so it imposes sanctions against Party B. Party B appeals, arguing that the court lacked authority to impose sanctions in the absence of a conference and certification.
To agree with Party B is to turn CR 26(i) on its head. The rule's purpose is to assist the court in policing discovery, not to impede the court in policing discovery. The court may enforce it or waive it, and neither party should be allowed to object. Its mandatory language gives notice to the parties that the court has discretion not to consider a motion to compel in the absence of a conference and certification, but its mandatory language does not eliminate the court's discretion to manage discovery proceedings in a fair and expeditious way.[30]
¶ 27 We agree with Judge Morgan. To allow a losing party in a discovery motion to object to a court's ruling on the basis that the prevailing party did not strictly comply with CR 26(i) undermines the efficient use of often scarce judicial resources. A trial judge is in the best position to determine whether and to what extent to get involved in discovery disputes in a particular case. Moreover, as we have already concluded, whether to hear a motion in the absence of strict compliance with CR 26(i) has nothing to do with the jurisdiction of the court. In sum, we conclude that a decision to hear a discovery motion is a discretionary determination, which should be reviewed on the basis of whether the decision is manifestly unreasonable or based on untenable grounds.[31]

Motion to Compel Discovery
¶ 28 Kmart next argues that the court erred by deciding that it could hear the motion to compel and to supplement discovery because Amy's CR 26(i) certification was allegedly defective. We hold that the trial court correctly exercised its discretion to hear this motion.
¶ 29 In March 2007, approximately one month after commencing this action, Amy propounded interrogatories to Kmart. Interrogatory 30 sought information about changes to the accident scene subsequent to her February 2004 slip and fall. Kmart did not move for a protective order and responded in June 2007 that "it would produce responsive information." In August 2007, Kmart supplemented its prior response by "continuing to offer any information once located."[32]
¶ 30 Over a year after Amy propounded Interrogatory 30, Kmart provided "substantive responsive information" for the first time.[33] The information indicated that the scene of the accident was remodeled sometime in 2004.[34] At the time of this response, Amy's expert had already completed preparation for trial, which had been scheduled for August 11, 2008 since February 2007. The parties had also participated in an unsuccessful mediation. There was no apparent justification for the late production of this 2004 material.
¶ 31 On July 19, 2008, Amy moved to compel and supplement discovery.[35] On July 29, *1254 2008, Amy also moved for sanctions based on Kmart's failure to provide timely information in response to the March 2007 interrogatories. Kmart responded to both motions. But nowhere in its response did Kmart either object to the form of the CR 26(i) certification that accompanied Amy's motion to compel and to supplement discovery or assert that the court lacked authority to hear that motion. The trial court granted Amy's motion to compel and to supplement discovery, stating in relevant part in its Order Granting Plaintiffs Motion to Compel and Supplement Discovery and for Costs:
1. Plaintiff's attorney certifies that he has met and conferred with defense counsel pursuant to CR 26(i) and King County Local Rule 37(e). This is a prerequisite to the plaintiff/or any party bringing a motion to compel and sanctions. Actually, the plaintiff's attorney does not certify that he has `met' with the defense attorney. However, because the defense has not objected to this requirement being met and that the attorneys are over 100 miles apart[,] the court deems this requirement waived.

2. [Citing Fisons and King County Local Rule 37(d).] Interrogatories and Requests for Production[.] Answers that object, such as `Object as to form, vague, unduly burdensome, not calculated to lead to the discovery of relevant facts, work product,' etc. are of no consequence unless the objecting party seeks a protective order consistent with CR 37(d)  a party may not withhold discoverable materials. The court will impose sanctions if the party has not sought a protective order.
3. Defendant's late disclosures are not excusable and have cost The Plaintiffs [sic] time and money. e.g. expert costs, attorneys fees [sic] and mediation costs. Plaintiffs' are to submit a motion and cost bill for expert costs and attorney fees associated with expert and the filing of this motion to compel/sanctions. Defendants may respond to the plaintiffs' motion and costs. In addition to any costs, attorneys fees allowed in that motion[,] the defendant is sanctioned $10,000.00 for the late discovery.[36]
¶ 32 The trial court did not demonstrate an erroneous view of CR 26(i) by deciding to hear this discovery motion. Kmart argues that Amy's CR 26(i) certification is facially deficient. Specifically, Kmart claims that the certification does not indicate that the CR 26(i) conference was in person or by telephone, and does not indicate that the conference addressed the motion, as opposed to the underlying discovery dispute. For the following reasons, we reject this assertion.
¶ 33 First, Kmart's disclosure of important information on the eve of discovery cutoff, where that information appears to have been in Kmart's files since 2004, required the court's prompt attention. Postponing the hearing of the motion due to an allegedly defective certification would have unnecessarily delayed resolution of this important issue, increased the expenses to the parties, and wasted court time. It would also have been extremely prejudicial to Amy in her preparation for trial. In fact, Kmart challenged the conclusions of Amy's trial expert based on the fact that "there is nothing in [the report] that confirms that the bathroom he tested in 2007 was the same as it existed on the night of [Amy's] fall."[37] The court's decision to hear this motion to compel and to supplement discovery was well within the proper exercise of its discretion.
¶ 34 Second, Kmart failed to argue in its written response to the motion that the CR 26(i) certification was deficient.[38] Rather, *1255 Kmart raised the argument in its motion for reconsideration of this sanctions order. As the trial court correctly stated in its Order Denying Defendant's Motion for Reconsideration of Order Dated July 29, 2008, Granting Plaintiffs' Motion to Compel and Supplement Discovery and For Costs, "[Amy] did certify that the parties had conferred and that certification was not objected to by [Kmart]."[39]
¶ 35 Third, even if Kmart had objected to the lack of strict compliance, it fails to identify any prejudice from the court hearing the motion. In our view, there was no prejudice to Kmart.

Motion for Sanctions
¶ 36 Kmart next argues that the court was not authorized to hear the motion for sanctions because it was not accompanied by a CR 26(i) certification. We disagree.
¶ 37 We first consider a preliminary matter, proper construction of the rule. CR 26(i) provides as follows:
Motions; Conference of Counsel Required. The court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection. Counsel for the moving or objecting party shall arrange for a mutually convenient conference in person or by telephone. If the court finds that counsel for any party, upon whom a motion or objection in respect to matters covered by such rules has been served, has willfully refused or failed to confer in good faith, the court may apply the sanctions provided under rule 37(b). Any motion seeking an order to compel discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met.[40]
¶ 38 Amy argues that the above language, particularly the last sentence of the rule, limits the certification requirement to motions for "an order to compel or obtain protection." A commentator has indicated that this language makes the scope of the rule unclear.[41]
¶ 39 Notwithstanding the language on which Amy relies, we conclude that the better reading of the rule is to give effect to all of its sentences. Court rules are interpreted under the rules of interpretation of statutes.[42] Where a statute is unambiguous, we read the statute as a whole and must give effect to all of its language.[43]
¶ 40 The first sentence clearly indicates that this procedural rule applies to "any motion or objection with respect to rules 26 through 37."[44] The third sentence of the rule is consistent with the view that the rule applies to all motions or objections regarding rules 26 through 37, not just motions to compel or to obtain a protective order.
¶ 41 Moreover, a reading that limits the certification requirement to motions to compel discovery or to obtain a protective order is inconsistent with the purpose of the rule. As stated in the Case dissent, "[T]he rule should be a shield that protects the court from becoming involved in half-baked discovery disputes, not a sword for the discovery violator to wield against the court."[45]
*1256 ¶ 42 Discovery disputes are not limited to motions for orders to compel or for protective orders. We conclude that CR 26(i) is applicable to any motion or objection with respect to CR 26 through 37.
¶ 43 The question here is whether CR 26(i) barred the trial court from hearing the motion for sanctions in this case. We conclude that it did not.
¶ 44 We have already explained that failure to strictly comply with the procedural provision of CR 26(i) does not divest the court of jurisdiction to hear discovery motions. Likewise, we have explained that a court has discretion to decide whether to hear a motion even where the moving party has failed to strictly comply with the rule. There is no reason to conclude that the absence of the required CR 26(i) certification, by itself, precluded the trial court in this case from hearing this motion for sanctions. We so hold.[46]
¶ 45 Kmart takes a different view, relying on the line of Division Two cases that we have already discussed in this opinion. We decline to apply the rationale of those cases here for the reasons we have already explained. The trial court's decision to hear this motion for sanctions was well within the proper exercise of its discretion.

Amount of Sanctions
¶ 46 Kmart next claims that the trial court abused its discretion by awarding a total of $35,627.44 in sanctions for discovery violations. We disagree.
¶ 47 CR 37(a)(4), permits the award of reasonable expenses of a motion to compel discovery:
If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.[47]
¶ 48 Moreover, CR 37(d) provides:
If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for production of documents or inspection submitted under rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under sections (A), (B), and (C) of subsection (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
The failure to act described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by rule 26(c). For purposes of this section, an evasive or misleading answer is to be treated as a failure to answer.[48]
¶ 49 We review an order imposing sanctions for abuse of discretion.[49]
¶ 50 Here, the court imposed $10,000 in sanctions for late discovery "in addition to any costs [and] attorney fees allowed." Thereafter, the court also entered its order and findings and conclusions, awarding reasonable attorney fees and costs totaling $25,627.44 in addition to the $10,000 in sanctions. Thus, sanctions totaled $35,627.44 for the discovery violations.
¶ 51 Kmart challenges the $10,000 segment of the award, claiming that it is *1257 beyond the scope of CR 37(a). Kmart also claims the fees and costs that the court awarded are excessive. We disagree with both contentions.
¶ 52 The imposition of $10,000 in sanctions for the unexplained delay in providing discovery was a proper exercise of the court's discretion. "The purposes of sanctions orders are to deter, to punish, to compensate and to educate."[50] Courts are permitted to impose discovery sanctions in order to deter egregious conduct. The plain language of CR 37 permits the court to impose sanctions that may include provisions beyond the mere reasonable expenses of the motion.
¶ 53 Here, Kmart chose to provide late disclosure of material information just prior to trial, with no explanation of why the informationin Kmart's possession since 2004  was not immediately provided in response to the March 2007 interrogatory. Having made that choice, it should have come as no surprise that the trial court imposed monetary sanctions, a lesser sanction than Amy's request.
¶ 54 Under CR 37(d), courts may impose discovery sanctions that range from exclusion of evidence to granting a default judgment when a party fails to respond to interrogatories and requests for production. For example, under CR 37(b)(2)(C), the trial court may sanction a party by dismissing the action or proceeding, or by rendering a default judgment in favor of the moving party. This is precisely what Amy requested in her Motion for Sanctions, Including Default Judgment or, in the Alternative, Striking Defendant's Answer and Response. The court considered Amy's request for sanctions in the form of a default judgment. But "in light of the purpose to deter, to punish, to compensate, and to educate," the court determined that the default judgment was a harsh sanction and that a compensation award to Amy was more appropriate.[51] The sanctions were proper under CR 37, and we reject Kmart's overly narrow reading of the scope of the trial court's power to deal with the discovery abuse in this case.
¶ 55 Kmart also argues that the imposition of $10,000 in sanctions was manifestly unreasonable. "A trial court abuses its discretion if it exercises its discretion on untenable ground or for untenable reasons, or if the discretionary act is manifestly unreasonable."[52] In deciding whether the trial court abused its discretion, this court is mindful of the purpose of discovery sanctions, which is to deter abuses of the judicial system.[53]
¶ 56 In July 2007, after receiving Kmart's initial response to her first set of interrogatories, Amy presented Kmart with a request to conduct a CR 34 inspection of the bathroom. Included was a request to conduct testing of the restroom floor. Amy subsequently hired Dr. Gary Sloan, a human factors expert to conduct testing of the Kmart bathroom during the fall of 2007. On June 13, 2008, seven days before the discovery cutoff date and after Amy had used Dr. Sloan's report to support her motion for summary judgment on liability, Kmart provided Amy with a third supplemental response to her first set of interrogatories indicating that the restroom had been substantially remodeled in the spring of 2004.
¶ 57 Kmart proceeded to argue in its response to Amy's motion for partial summary judgment that there was a "significant problem with Dr. Sloan's report: there is nothing in it that confirms that the bathroom as he tested it in 2007 was the same as it existed on the night of [Amy's] fall. Until that is established to a jury, his report . . . is useless."[54]
¶ 58 Given this record, the amount of $10,000 was not unjust or manifestly unreasonable. Kmart fails in its burden to show otherwise.
*1258 ¶ 59 Relying on a footnote in Biggs v. Vail,[55] Kmart also argues that the $10,000 sanction violates the doctrine prohibiting fee shifting. In Biggs, the supreme court urged trial courts to consider directing payment of a sanctions award to a "particular court fund or court related fund" to avoid fee shifting.[56] But we do not read that language to prohibit the award of sanctions to a litigant, as CR 37 clearly allows. In any event, we see no abuse of discretion in the trial court's decision in this case to award sanctions to Amy.
¶ 60 Kmart also argues that the trial court abused its discretion by awarding Amy the amount of fees and costs that it did. We again disagree.
¶ 61 Pursuant to Mahler v. Szucs[57] and other case authority, Amy provided documentation to the court regarding her requested costs and fees. The trial court considered that material, Kmart's objections, and discounted some of the requested fees. The court then entered its findings and conclusions to support the award of fees and costs. We hold that the trial court did not abuse its discretion in awarding the amount of fees and costs that it did.
¶ 62 The parties presented arguments centered on CR 37. But we may affirm on any basis supported by the record, whether or not the trial court considered that basis.[58] CR 26(g) provides an additional basis to affirm the trial court's decisions in this case.
¶ 63 CR 26(g) provides as follows:
Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of the attorney . . . constitutes a certification that he has read the request, response, or objection, and that to the best of his knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. . . .
If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney fee.[59]
¶ 64 Under this rule, an attorney must certify in his or her discovery response that he or she made a "reasonable inquiry" into the existence of the requested material.[60] If the attorney certifies a discovery response in violation of that rule, the court may, upon its own initiative, impose upon the party on whose behalf the response was made an appropriate sanction including an order to pay the amount of the reasonable expenses incurred because of the violation.[61]
¶ 65 A "reasonable inquiry" is judged by an objective standard.[62] The purpose of CR 26(g) is to deter discovery abuses, which include delaying tactics, procedural harassment, and mounting legal costs.[63]
*1259 ¶ 66 Here, Kmart responded to Amy's Interrogatory 30 twice in 2007, stating first that "it would produce responsive information" and that it would continue "to offer any information once located." Yet Kmart failed, without explanation, to provide the requested materials, which existed in 2004, until shortly before trial. This was over a year after the interrogatory was propounded. This highly relevant material had been in Kmart's possession since 2004, well before Amy commenced this lawsuit in February 2007.[64] Yet Kmart failed to provide the materials until the eve of trial.
¶ 67 In light of these undisputed facts, the certifications arising from counsel's signatures on Kmart's 2007 discovery responses appear to violate subsections (g)(1) and (g)(2) of the rule.[65] It was not an abuse of discretion for the trial court to impose sanctions against Kmart based on this violation of CR 26(g).
¶ 68 To summarize, we conclude that the trial court properly exercised its discretion both in its decision to award sanctions and the determination of the amount of sanctions.
¶ 69 We affirm the orders imposing discovery sanctions on Kmart.
¶ 70 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.
¶ 103 We affirm the orders imposing discovery sanctions on Kmart.
WE CONCUR: DWYER, A.C.J., and APPELWICK, J.
NOTES
[1] (Emphasis added.)
[2] In re Guardianship of Wells, 150 Wash.App. 491, 499, 208 P.3d 1126 (2009) (quoting In re Adoption of Buehl, 87 Wash.2d 649, 655, 555 P.2d 1334 (1976)).
[3] Id.
[4] Id. (citing Somers v. Snohomish County, 105 Wash.App. 937, 941, 21 P.3d 1165 (2001); In re Marriage of Thurston, 92 Wash.App. 494, 497, 963 P.2d 947 (1998), review denied, 137 Wash.2d 1023, 980 P.2d 1282 (1999)).
[5] CR 1.
[6] Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997).
[7] 4 Karl B. Tegland, Washington Practice: Rules Practice CR 26 at 12-13 (4th ed. Supp.2001) (CR 26(i) intended "to reduce the number of discovery controversies brought before the courts for adjudication" and "to encourage professional courtesy between attorneys."); Case v. Dundom, 115 Wash.App. 199, 204, 58 P.3d 919 (2002) (stating that the rule is designed "to facilitate non-judicial solutions to discovery problems by requiring a conference before a court order.").
[8] Case, 115 Wash.App. at 205, 58 P.3d 919 (Morgan, J., dissenting).
[9] This rule is substantially similar to King County Local Rule (KCLR) 37(e), which states, "the court will not entertain any motion or objection with respect to Civil Rules 26 through 37, unless it affirmatively appears that counsel have met and conferred with respect thereto."
[10] Rudolph v. Empirical Research Sys., 107 Wash.App. 861, 866, 28 P.3d 813 (2001) (in a dispute over discovery, defendant's motion was captioned a motion to compel discovery but actually sought discovery sanctions); Case, 115 Wash.App. at 203, 58 P.3d 919; Clarke v. State Attorney General's Office, 133 Wash.App. 767, 779-80, 138 P.3d 144 (2006).
[11] Federal cases interpreting the parallel federal rule, FRCP 37(a)(2), do not mention the discovery conference being a jurisdictional requirement. See Ross v. Citifinancial, Inc., 203 F.R.D. 239 (S.D.Miss.2001); Reidy v. Runyon, 169 F.R.D. 486 (E.D.N.Y.1997); Imperial Chemicals Industries, PLC v. Barr Laboratories, Inc., 126 F.R.D. 467 (S.D.N.Y.1989); and Burton v. R.J. Reynolds Tobacco Co., 203 F.R.D. 624 (D.Kan. 2001).
[12] Burnet, 131 Wash.2d at 494, 933 P.2d 1036.
[13] Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp., 122 Wash.2d 299, 338, 858 P.2d 1054 (1993).
[14] Id.
[15] Id. at 339, 858 P.2d 1054.
[16] Id.
[17] Id.
[18] Id.
[19] Id.
[20] Rudolph, 107 Wash.App. at 866, 28 P.3d 813.
[21] 115 Wash.App. 199, 58 P.3d 919 (2002).
[22] Id. at 202, 58 P.3d 919.
[23] 107 Wash.App. 861, 28 P.3d 813 (2001).
[24] Case, 115 Wash.App. at 204, 58 P.3d 919.
[25] Id.
[26] Id. at 205, 58 P.3d 919.
[27] Id.
[28] FRCP 37(a)(1) ("In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (emphasis added)).
[29] Case, 115 Wash.App. at 205-06, 58 P.3d 919 (citing Ross, 203 F.R.D. 239; Reidy, 169 F.R.D. 486; Imperial Chemicals Industries, 126 F.R.D. 467).
[30] Id. at 206, 58 P.3d 919.
[31] In re Marriage of Littlefield, 133 Wash.2d at 39, 47, 940 P.2d 1362 (1997).
[32] Amended Opening Brief of Appellant at 10.
[33] Id.
[34] Clerk's Papers at 190-99.
[35] Amy's motion stated that she "complied with CR 26(i) and KCLR 37(e) and (f) by conferring with [Kmart's] counsel in an attempt to resolve the discovery issues presented by this motion." In addition, Amy's counsel included a sworn declaration in support of the Motion to Compel, attesting that "on July 15, 2008, I conducted a Rule 26 conference with defense counsel." Attached to the declaration was an e-mail from defense counsel dated July 16, 2008, referencing a "Rule 26 conference" that had taken place the prior day.
[36] Clerk's Papers at 1446-447(emphasis added).
[37] Clerk's Papers at 1696.
[38] At oral argument in this appeal, Kmart claimed that it raised this CR 26(i) issue in its response and in an accompanying declaration. It cites Clerk's Papers 491 and 497-498 for support. Having reviewed these portions of the record, we conclude that they do not cite CR 26(i). Moreover, nowhere in these portions of the record does Kmart claim that the trial court lacked authority to hear the motion or assert that Amy's certification was deficient.
[39] Clerk's Papers at 1444.
[40] (Emphasis added.)
[41] See 3A Karl B. Tegland, Washington Practice, Rules Practice CR 37 at 789-90 (5th ed.) ("[It] is not entirely clear whether the meet-and-confer requirement applies to a motion for sanctions, after the opposing party has allegedly resisted discovery without good cause. . . . The language of CR 26(i) suggests that the requirement applies only to a motion to compel, or a motion for a protective order. . . . Thus, cautious practitioners will want to comply with the meet-and-confer rule even when requesting discovery sanctions.").
[42] State v. George, 160 Wash.2d 727, 735, 158 P.3d 1169 (2007).
[43] Dot Foods, Inc. v. Washington Dept. of Revenue, 166 Wash.2d 912, 919, 215 P.3d 185 (2009).
[44] (Emphasis added.)
[45] 115 Wash.App. at 205, 58 P.3d 919 (Morgan, J., dissenting).
[46] In any event, due to the uncertainty over the scope of application of CR 26(i), the absence of a certification with the motion for sanctions in this case was not prejudicial to Kmart.
[47] (Emphasis added.)
[48] (Emphasis added.)
[49] Fisons, 122 Wash.2d at 338-39, 858 P.2d 1054.
[50] Fisons, 122 Wash.2d at 356, 858 P.2d 1054 (emphasis added).
[51] Clerk's Papers at 1440.
[52] In re Estate of Palmer, 145 Wash.App. 249, 259-60, 187 P.3d 758 (2008).
[53] Biggs v. Vail, 124 Wash.2d 193, 197, 876 P.2d 448 (1994); Fisons, 122 Wash.2d at 356, 858 P.2d 1054.
[54] Clerk's Papers at 1696.
[55] 124 Wash.2d 193, 876 P.2d 448 (1994).
[56] Id. at 202 n. 3, 876 P.2d 448.
[57] 135 Wash.2d 398, 435, 957 P.2d 632 (1998).
[58] State v. Carter, 74 Wash.App. 320, 324 n. 2, 875 P.2d 1 (1994).
[59] (Emphasis added.)
[60] CR 26(g) (emphasis added).
[61] Id.
[62] Fisons, 122 Wash.2d at 343, 858 P.2d 1054.
[63] Id. at 341, 858 P.2d 1054.
[64] Clerk's Papers at 190-99.
[65] CR 26(g) provides in part: The signature of the attorney . . . constitutes a certification that he has read the request, response, or objection, and that to the best of his knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.