IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re JIM KEYES, | ) | No. 35066-5-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINA WENTZ; SHERRI | ) | UNPUBLISHED OPINION |
| HANSEN, CLERK OF THE DISTRICT | ) | |
| COURT (ACTING); RICHARD | ) | |
| LELAND, JUDGE OF THE DISTRICT | ) | |
| COURT; DISTRICT COURT OF | ) | |
| SPOKANE COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, J. — Jim Keyes appeals the superior court's order denying

his writ of mandamus. In general, his writ sought to have the superior court order

respondents to process his lower court appeal. Because Mr. Keyes was not unlawfully

precluded from processing that appeal, we affirm.

FACTS

Robert Saraceno filed an action against "Don Hall, d/b/a Wholesale Motors" in the

small claims department of district court. Clerk's Papers (CP) at 27. A trial was held and

the judge entered judgment in favor of Wholesale Motors in the amount of $1,200. For reasons unclear in the record, the judge allowed a second trial. Jim Keyes, who has an ownership interest in Wholesale Motors, eventually filed an answer and cross claim, asserting among other claims and defenses, that Wholesale Motors is a limited liability corporation (LLC). During the second trial, Don Hall's son appeared on his father's behalf, and it was explained to the judge that Don Hall was the founder of Wholesale Motors, LLC, was elderly, and had numerous health issues that prevented him from participating in his defense. After hearing the evidence, the judge entered judgment in favor of Wholesale Motors in the amount of $1,500.

In an apparent attempt to request reconsideration, Mr. Saraceno sent letters and photographs to the judge but did not copy the defendants in that action with these documents. Mr. Keyes was provided a show cause order relating to Mr. Saraceno's reconsideration request, and Mr. Keyes obtained copies of the supporting documents from the court file. Mr. Keyes, apparently on behalf of defendants, responded and appeared at the hearing. A second judge presided over the hearing, commented on Don Hall's absence, and ordered a third trial.

Mr. Keyes sought to appeal this order. He presented a district court clerk with a notice of appeal signed by Don Hall and himself. The deputy clerk refused to process the

appeal because Don Hall was not physically present to attest that the signature was his, and because Mr. Keyes was not a party and lacked authority to represent "Don Hall, d/b/a Wholesale Motors." She said she could not process the appeal unless Don Hall filed the appeal, or unless his signature on the appeal was notarized and Mr. Keyes brought with him a notarized note signed by Don Hall giving Mr. Keyes permission to process the appeal. In addition, the deputy clerk said an appeal bond was required for $7,000. Mr. Keyes sought the assistance of the deputy clerk's superior, who generally confirmed her subordinate's instructions.

One week later, the second judge sent a letter to Mr. Keyes setting forth instructions so Mr. Keyes could process his appeal. These instructions include a small claims appeal bond of $3,000, and the requirement that Don Hall process the appeal. The letter further states:

> Pursuant to RCW 12.36.010 if you are his "agent" and can provide proper documentation of the same, you may file the appeal on his behalf. Such may include but not be limited to a notarized statement from Don Hall that so states.

> Mr. Keyes, you may wish to review RCW 12.40.010, *et seq.* including RCW 12.40.080 which states:
> "*No attorney-at-law, legal paraprofessional, nor any person other than the plaintiff and defendant, shall appear or participate with prosecution or defense of litigation . . .*"
> In addition, you may wish to review RCW 12.36.010, *et seq.* regarding Small Claims Appeals.

3

CP at 31.

Mr. Keyes, personally, petitioned the superior court for a writ of mandamus.[1] In his petition, he named the second judge, the two district court clerks, and the District Court of Spokane County as respondents. In addition to other relief, Mr. Keyes sought to have a superior court judge stay the lower court case, toll the period for filing the appeal, grant a declaratory judgment concerning the proper procedures for appealing the lower court's order, and order the deputy clerks and the district court to process the appeal he earlier submitted. The superior court entered an order denying Mr. Keyes's writ on the basis that Mr. Keyes has a "plain, speedy and adequate remedy in the ordinary course of the law. Here, because the small claims matter has yet to be adjudicated, [he could file] an appeal subsequent to any final judgment." CP at 37.

Mr. Keyes timely appealed from this order.

## LAW AND ANALYSIS

Mr. Keyes argues that Wholesale Motors has a right to appeal the lower court's grant of a third new trial, that the clerks' job is ministerial, and that the superior court erred in concluding he had an adequate remedy at law. We agree with Mr. Keyes's first

---

[1] Respondents incorrectly view Mr. Keyes's petition as an appeal from the district court order instead of as a separate action with different parties. Many of their arguments relate to this incorrect view.

4

two points, but affirm the superior court's order on the basis that Mr. Keyes was not unlawfully precluded from processing the lower court appeal.

This court can affirm the lower court on any basis supported by the record. *Amy v. Kmart of Wash., LLC*, 153 Wn. App. 846, 868, 223 P.3d 1247 (2009). A writ of mandamus may issue to "compel the performance of an act which the law enjoins as a duty resulting from an office . . . *and from which the party is unlawfully precluded by such inferior tribunal . . . or person*." RCW 7.16.160 (emphasis added).

Here, Mr. Keyes was not unlawfully precluded from processing the lower court appeal. The district court judge properly set an appeal bond of $3,000 and directed Mr. Keyes to establish he was an agent of the named defendant as conditions for processing the appeal. First, RCW 12.36.020(2) explicitly requires the posting of an appeal bond for twice the amount in controversy. Second, RCW 12.40.080 explicitly prohibits anyone but the named parties from acting in furtherance of the case. The named defendant was "Don Hall, d/b/a Wholesale Motors." The trial court's requirement that Mr. Keyes establish his agency relationship with Don Hall comports with this statutory prohibition. Because Mr. Keyes was not unlawfully precluded from processing Mr. Hall's original appeal, he has failed to establish his right to a writ of mandamus.

5

No. 35066-5-III
*Keyes v. Wentz*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.

6