IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HEIDI URNESS LAW, PLLC, a Washington professional limited liability company, | No. 83828-8-I |
| Appellant, | DIVISION ONE |
| vs. | UNPUBLISHED OPINION |
| VERTICAL RAISE, LLC, an Idaho limited liability company; and PAUL LANDERS, an individual, | |
| Respondents. | |

HAZELRIGG, A.C.J. — Heidi Urness Law, PLLC, appeals from the award of attorney fees pursuant to CR 37(4) after she unsuccessfully moved to compel discovery. We hold the trial court did not abuse its discretion in awarding attorney fees. However, the trial court erred as to the calculation of the fee award. We reverse in part and remand.

FACTS

This case arises out of a discovery dispute between Heidi Urness Law PLLC (Urness), and Vertical Raise LLC, as well as its owner and chief executive officer Paul Landers (collectively, Vertical Raise). After commencing the underlying action, Urness sent a set of discovery requests to Vertical Raise. The parties disagree about the due date for responses—Urness contends the deadline was November 5, 2021, while Vertical Raise asserts it was November

22.   Vertical Raise provided discovery responses on November 15 and 22. Urness felt the responses were deficient, and requested a CR 26(i) conference. Vertical Raise did not offer dates for a conference, so Urness filed a motion to compel responses to her interrogatories and requests for production, as well as a separate motion to compel responses to her requests for admission.   In her motions, Urness alleged that Vertical Raise "failed to provide substantive, complete, or truthful responses to Plaintiff's first set of discovery requests."   On January 5, Vertical Raise sent additional discovery to Urness, including a thumb drive of documents, additional responses to interrogatories, and additional responses to requests for admission.[1]

The court denied both motions on January 13.  In the order denying the motion to compel responses to Urness's requests for admission, the court stated, "It appears that [Vertical Raise] has now responded to the Requests," and "to the extent [Urness] is seeking to compel further responses to discovery, the motion is denied without prejudice to service of appropriate interrogatories/requests for production and a discovery conference."  Regarding the other motion to compel, the court stated that, "It appears [Vertical Raise] has provided responses to the interrogatories and requests for production. The [c]ourt cannot determine from new allegations in the reply[2] whether these responses are or are not sufficient." In that order, it also noted that if, after a discovery conference, Urness again

---

[1] While Vertical Raise frames this response as supplemental discovery, the chronology reflected in the record before us does not clarify if the discovery provided on this date, particularly that contained on the thumb drive, was truly supplemental, or rather the responsive information it had committed to providing on November 22.

[2] Urness's reply does not appear in the record before us.

moved to compel, she "needs to be clear in [her] <u>initial motion</u> as to what alleged deficiencies remain."

Subsequently, Vertical Raise moved for an award of attorney fees and expenses based on the denials of the motions to compel. The court granted both motions for attorney fees, finding the fees were reasonable. It ordered Urness to pay $5,015.50 and $3,455.50. Urness moved for reconsideration of the fee awards, and her motion was denied. Urness timely sought discretionary review from this court.

ANALYSIS[3]

We review an award of attorney fees under CR 37 for an abuse of discretion. <u>Dalsing v. Pierce County</u>, 190 Wn. App. 251, 261, 357 P.3d 80 (2015). A court abuses its discretion if the decision is "manifestly unreasonable or based upon untenable grounds." <u>Id.</u> We give deference to the trial court as it is "'better positioned than another to decide the issue in question,'" and because the trial court has "wide latitude and discretion to determine what sanctions are appropriate." <u>Amy v. Kmart of Wash., LLC</u>, 153 Wn. App. 846, 855-56, 223 P.3d 1247 (2009) (internal quotation marks omitted) (quoting <u>Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.</u>, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993)).

---

[3] In its briefing, Vertical Raise argues this court should dismiss Urness's appeal for failure to comply with RAP 10.3(a)(5) because Urness failed to provide citations to the record in support of her argument. However, the Rules of Appellate Procedure are "liberally interpreted to promote justice and facilitate the decision of cases on the merits." RAP 1.2(a). We do not determine cases solely "on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands." <u>Id.</u> No such compelling circumstances exist here. Urness sufficiently directed this court to the orders at issue, such that we are able to discern relevant facts. We deny Vertical Raise's motion to dismiss.

We likewise review the reasonableness of an attorney fee award for abuse of discretion. <u>Dalsing</u>, 190 Wn. App. at 270. "[T]he trial court must enter findings of fact and conclusions of law establishing an adequate record such that the reviewing court can determine whether the billed services were 'reasonable or essential to the successful outcome.'" <u>Id.</u> at 270-71 (quoting <u>Mahler v. Szucs</u>, 135 Wn.2d 398, 435, 957 P.2d 632 (1998)).

I.      Authority To Hear Motions for Attorney Fees

Urness first argues the trial court lacked authority to hear the motions for attorney fees because Vertical Raise failed to conduct a CR 26(i) conference prior to submitting its motions. Under CR 26(i), "[t]he court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection . . . Any motion seeking an order to compel discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met."

Urness provides no authority to support the contention that counsel must confer prior to moving for attorney fees after a motion to compel has been denied. This conclusion is not supported by the plain language of CR 37(4), which states:

> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Nothing in the rule suggests counsel must confer prior to filing a motion for fees. Rather, it suggests that once a court denies a motion to compel, it must order attorney fees unless it makes a finding that the motion to compel was substantially justified or that other circumstances would make a fee award unjust. "The primary purposes of CR 26(i) are to minimize the use of judicial resources during discovery and to encourage professional courtesy between counsel." Amy, 153 Wn. App. at 853. In a motion for attorney fees, there is nothing for counsel to confer about, and any meeting would not minimize judicial resources as the court shall award attorney fees after an opportunity for a hearing. See CR 37(4) (emphasis added). Urness's proposed interpretation of CR 26(i) does not comport with the plain language of the civil rules and would create an illogical result.

Even if this interpretation was correct, a trial court has "authority to determine whether it shall hear a motion for sanctions notwithstanding allegedly deficient compliance with a CR 26(i) certification." Amy, 153 Wn. App. at 852. Urness fails to meet her burden to demonstrate that the trial court's ruling was "manifestly unreasonable or based on untenable grounds" in its "decision to hear a discovery motion in the absence of strict compliance with CR 26(i)." Id. at 856.

We reject Urness's proposed interpretation of CR 26(i) requiring counsel to confer prior to moving for attorney fees under CR 37(4). There is no such requirement. Even if we agreed with her reading of the rule, the trial court has discretion to hear a motion absent strict compliance with CR 26(i). The trial court had authority to hear the motions for fees.

II.      Fees Under CR 37(4)

Urness next avers that the trial court abused its discretion in granting Vertical Raise's motions for attorney fees because her motions to compel were substantially justified and because the circumstances made a fee award unjust. Again, a trial court must award attorney fees after denying a motion to compel "unless the court finds that the making of the motion was substantially justified or the circumstances make an award unjust."  CR 37(4).

A.      Substantially Justified

Urness first contends her motions to compel were substantially justified and, as such, the trial court abused its discretion in awarding fees.  She asserts that the relevant discovery requests are within the scope of discoverable evidence, and the initial responses from Vertical Raise were deficient, justifying the motions to compel.  However, Urness failed to articulate how the responses were deficient in either her initial motions to the trial court or her briefing on appeal.  Vertical Raise responded to Urness's discovery requests, and the court was unable to "determine from new allegations in the reply whether these responses are or are not sufficient."  In her motions to compel, Urness alleged that Vertical Raise asserted it would produce a "thumb drive" of documents but failed to do so.  However, she does not identify what discovery would be contained in the thumb drive nor whether it was within the scope of discovery.

Urness did not demonstrate that her motions were substantially justified. She sought discovery, Vertical Raise responded, and any alleged deficiencies are not identified.  Urness has not shown that the trial court's decision to deny

the motions to compel was based on untenable grounds or made for untenable reasons.

###### B. Circumstances Make an Award Unjust

Urness additionally argues the circumstances of this case make an award of attorney fees unjust because Vertical Raise only submitted supplemental discovery[4] after she filed motions to compel. But, again, Urness failed to identify deficiencies in the initial responses such that Vertical Raise was required to supplement the discovery provided. Vertical Raise contended it provided supplemental discovery that was not relevant to the claims, and much of it "originated from [Urness] or involve[d] correspondence with [Urness]." Urness did not demonstrate, in the trial court or on appeal, that the supplemental discovery was relevant or necessary. While she argues that Vertical Raise avoided an order to compel only by submitting supplemental discovery after Urness filed motions to compel, there is no indication in the record that Vertical Raise produced supplemental responses with discoverable information based on Urness's motions. Rather, Vertical Raise asserted that, in its supplemental response to the request for admissions, it merely "restated its denials . . . without including the objectionable context and explanation." Urness fails to demonstrate that her motions to compel induced Vertical Raise to produce relevant, supplemental discovery.

---

[4] As we remand for the trial court to calculate the reasonableness of fees under the lodestar method, it would be a worthwhile endeavor for the trial court to determine whether the thumb drive is truly supplemental discovery, or simply the satisfaction of Vertical Raise's initial discovery obligation. That factual determination will impact calculation of the fee award arising from the motions to compel.

Urness does not establish that the circumstances of the motions make an award of attorney fees unjust such that that the trial court's decision was based on untenable grounds or made for untenable reasons.

III.    Calculation of Award

Urness next assigns error to the calculation of the award for attorney fees and expenses. She argues the trial court abused its discretion in computing the cost award because it included duplicate fees and fees and expenses not awardable. "'Courts must take an <u>active</u> role in assessing the reasonableness of fee awards.'" <u>Berryman v. Metcalf</u>, 177 Wn. App. 644, 657, 312 P.3d 745 (2013) (quoting <u>Mahler</u>, 135 Wn.2d at 434-35). In assessing a fee request, the trial court uses the "lodestar method"[5] to calculate the award, determining that the number of hours and hourly rate are reasonable. <u>Dalsing</u>, 190 Wn. App. at 270. "The court must exclude any wasteful or duplicative hours." <u>Bloor v. Fritz</u>, 143 Wn. App. 718, 750, 180 P.3d 805 (2008).

Here, the fees awarded by the court include payment for work performed before the motions to compel were filed and reflect work performed for normal discovery obligations. The record reflects that the court failed to apply the lodestar method to ensure the fee award represented "reasonable expenses <u>incurred in opposing the motion[s]</u>." CR 37(4) (emphasis added). The failure to actively assess the reasonableness of a fee request utilizing the proper standard is an abuse of discretion. <u>Berryman</u>, 177 Wn. App. at 658-59. Accordingly, we reverse the fee awards and remand for the trial court to assess their

[5] <u>Bowers v. Transamerica Title Ins. Co.</u>, 100 Wn.2d 581, 675 P.2d 193 (1983) (establishing the application of the lodestar method for attorney fee calculations).

reasonableness, ensuring that the fees awarded are authorized under CR 37(4) and are not duplicative.

Reversed in part and remanded.[6]

WE CONCUR:

---

[6] Vertical Raise requests attorney fees on appeal as sanctions. We decline to award them.

- 9 -