# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LORI SHAVLIK,<br><br>  Appellant,<br><br>  v.<br><br>DAVE MCGLOTHERN,<br><br>  Respondent. | No. 83914-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Representing herself below and on appeal, Lori Shavlik challenges an order denying her petition for a civil antiharassment protection order against Dave McGlothern and ordering her to pay McGlothern's attorney fees. Shavlik also appeals a subsequent order denying her motion to vacate pursuant to CR 60(b)(5). Because Shavlik's challenge to the order denying her motion to vacate lacks merit, we affirm that order. And because Shavlik's appeal from the order denying her antiharassment petition is untimely, we dismiss it. We therefore affirm.

I

On August 24, 2020, Shavlik petitioned for an antiharassment order against McGlothern in Snohomish County Superior Court. Shavlik's petition was ostensibly based on McGlothern's having identified her on social media as having filed legal action against the Snohomish County Sheriff, among other social media postings. Separately, Shavlik had filed more than one recall petition against the

sheriff.  The court entered a temporary order and notice of show cause hearing. On September 8, 2022, following the hearing, the superior court denied the petition because it found that Shavlik had failed to meet her burden of proof.  The court granted McGlothern's request for an award of reasonable attorney fees in the amount of $2,882.25.

Following entry of the September 8, 2022 denial order, Shavlik submitted a number of superior court filings over the next several months, including a motion for reconsideration and at least five CR 60 motions to set aside or vacate the September 8, 2020 denial order.  The matter was eventually transferred to Island County Superior Court after all Snohomish County judges and commissioners recused themselves.  A hearing was then set on Shavlik's re-noted April 15, 2021 motion to set aside the September 8, 2020 order as void pursuant to CR 60(b)(5).

On April 4, 2022, the superior court denied Shavlik's CR 60(b)(5) motion because "[t]here are no grounds, factual or legal, to vacate the Denial Order on grounds that it is void."  Shavlik moved for reconsideration, but she did not note the motion and it was never ruled upon.

Shavlik appeals.

II

Shavlik argues that the trial court erred in denying her motion to vacate the September 8, 2020 order.  Specifically, she asserts that the trial court lacked authority to award attorney fees to McGlothern

CR 60(b)(5) permits a court to vacate a judgment if it is void.  "A judgment is void if the court lacks jurisdiction over the parties or the subject matter, or if it

does not possess the inherent power to enter the particular order involved." In re Marriage of Tupper, 15 Wn. App. 2d 796, 801, 478 P.3d 1132 (2020).

Generally, a trial court's order on a motion to vacate is reviewed for abuse of discretion. In re Marriage of Hughes, 128 Wn. App. 650, 657, 116 P.3d 1042 (2005). However, courts have "a nondiscretionary duty to vacate void judgments." Leen v. Demopolis, 62 Wn. App. 473, 478, 815 P.2d 269 (1991). We review de novo a CR 60(b)(5) motion to vacate a final order as void for lack of jurisdiction. In re Marriage of Wilson, 117 Wn. App. 40, 45, 68 P.3d 1121 (2003). A party may assert a motion to vacate under CR 60(b)(5) any time after entry of judgment. Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).

Shavlik argues that the trial court lacked jurisdiction to award attorney fees to McGlothern because former RCW 10.14.090 (2019) did not expressly allow fee awards for respondents. We disagree. " 'Subject matter jurisdiction refers to a court's ability to entertain a type of case, not to its authority to enter an order in a particular case.' " Boudreaux v. Weyerhaeuser Co., 10 Wn. App. 2d 289, 295, 448 P.3d 121 (2019) (internal quotation marks omitted) (quoting In re Marriage of Buecking, 179 Wn.2d 438, 448, 316 P.3d 999 (2013)). "Washington courts lack subject matter jurisdiction only in compelling circumstances because they are courts of general jurisdiction." Amy v. Kmart of Washington, LLC, 153 Wn. App. 846, 852, 223 P.3d 1247 (2009).

Here, the superior court had subject matter jurisdiction to hear Shavlik's antiharassment petition. See Ledgerwood v. Lansdowne, 120 Wn. App. 414, 422, 85 P.3d 950 (2004) (holding that the superior court has original jurisdiction to hear

3

antiharassment petitions). "[W]here the court 'has jurisdiction of the parties and of the subject matter, and has the power to make the order or rulings complained of,'" but its order " 'is based upon a mistaken view of the law or upon the erroneous application of legal principles, it is erroneous,' as opposed to void for lack of jurisdiction." Ronald Wastewater Dist. v. Olympic View Water & Sewer Dist., 196 Wn.2d 353, 372-73, 474 P.3d 547 (2020) (internal quotation marks omitted) (quoting Dike v. Dike, 75 Wn.2d 1, 7, 448 P.2d 490 (1968)). Shavlik's argument that the court committed legal error in awarding attorney fees to McGlothern does not impugn the superior court's subject matter jurisdiction, and even if meritorious would not render the order void. Shavlik is not entitled to relief under CR 60(b)(5).

III

Shavlik also filed a notice of appeal challenging the September 8, 2020 order denying her antiharassment petition. Her appeal of that order is untimely.

RAP 5.2(a) generally requires an appellant to file a notice of appeal within 30 days of entry of the decision for review. Certain timely motions in the trial court may in some circumstances enlarge the time for seeking review, but the record shows Shavlik never made a compliant motion in the trial court allowing her to invoke any of these provisions. See RAP 5.2(b). Here, Shavlik filed her notice of appeal on April 19, 2022, more than 18 months after the court denied her petition. Shavlik has not asked us to enlarge the time to file her appeal and consider its merits, and in any event the record affirmatively demonstrates that no circumstances justifying such relief exist. See RAP 18.8(b) ("The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of

4

justice extend the time within which a party must file a notice of appeal."). Pro se litigants on appeal are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law. See In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). For these reasons, and because Shavlik does not demonstrate an "extraordinary circumstance" warranting review to "prevent a gross miscarriage of justice," we do not consider the merits of her appeal of the September 8, 2020 order. RAP 18.8(b), (a).

Affirmed.

_Birk, J._

WE CONCUR:

_Mann, J._                    _Dwyer, J._