28 P.3d 813 (2001)
107 Wash.App. 861
William M. RUDOLPH, individually, Appellant,
v.
EMPIRICAL RESEARCH SYSTEMS, INC., a Nevada corporation, Respondent.
No. 26142-1-II.
Court of Appeals of Washington, Division 2.
August 10, 2001.
*814 John M. Keefe, South Pasadena, CA, for Appellant.
Wayne Beale Knight, Stouffer & Knight, Tacoma, for Respondent.
QUINN-BRINTNALL, J.
Wallace Rudolph appeals from a trial court's order dismissing with prejudice his claim for payment of promissory notes he alleges are due him from Empirical Research Systems, Inc. ("ERSI"). The trial court dismissed the case after finding that Rudolph had failed to comply with ERSI's discovery requests. Holding that the trial court lacked authority to entertain ERSI's motion to compel under CR 37, we vacate the order of dismissal.

*815 FACTS
Empirical Research Systems, Inc. ("ERSI") was incorporated in Washington in November 1988 to pursue and develop opportunities and technology in the computer industry. Wallace Rudolph and three other persons formed the company. ERSI soon ran into financial difficulties. Rudolph alleges that he began lending money to ERSI in exchange for promissory notes signed by Richard Cummings, the president and co-founder of ERSI. In 1989 and 1990, he purportedly lent ERSI a total of $381,520.71.
The company was largely inactive during the early to mid 1990's. Around 1998, other stockholders took over the company and resurrected it without Rudolph's participation.
In January 1999, Rudolph sought a loan renewal agreement from ERSI. On April 29, 1999, he filed suit against ERSI to recover on the promissory notes. Trial was set for October 28, 1999, but was continued to May 1, 2000.
On September 22, 1999, ERSI sent a request for production of documents to Rudolph's counsel, with seven requests, as follows:
(1) Copies of the promissory notes;
(2) Copies of checks or other documentation related to each promissory note;
(3) Bank and deposit records relating to each promissory note;
(4) Corporate resolutions authorizing the borrowing of the money represented by the promissory notes;
(5) Minutes of stockholder and directors meetings;
(6) ERSI's correspondence file from the date of the first promissory note; and
(7) Corporate records.
On November 4, 1999, Rudolph responded to the Request for Production by producing the promissory notes (in response to Request No. 1), some of the checks relating to the notes (Request No. 2), and deposit slips relating to some of the promissory notes (Request No. 3), and objecting to the other requests. On March 13, 2000, ERSI served a Subpoena Duces Tecum for Production of Documents at Trial on Rudolph, demanding that Rudolph produce the documents requested in the original requests numbers three through seven.
On March 30, 2000, Rudolph moved for summary judgment. Rudolph moved to have the summary judgment motion heard on April 28, 2000 (three days before the scheduled trial). However, the court's schedule did not allow the motion to be heard on that date. The motion was never heard.
On May 1, 2000, the trial was continued to an unspecified date due to courtroom congestion.
On May 3, 2000, ERSI's counsel faxed a Motion to Compel to Rudolph's counsel, and advised him that "[u]nder CR 26, I am furnishing you and your client advance notice of my motion and will give you ten (10) days to cure or properly respond to my earlier requests for production. I will cancel the hearing if you comply." Clerk's Papers at 521. He filed the motion with the court on May 4, 2000. In the motion, ERSI requested that the court dismiss the case or, in the alternative, preclude Rudolph from submitting the promissory notes unless he furnished the rest of the requested documents. ERSI also sought attorney fees incurred in bringing the motion.
On May 19, 2000, Rudolph's counsel faxed a letter to ERSI's counsel indicating that Rudolph had some ERSI accounts payable and accounts receivable documents from 1988 and 1990, and that he would forward them to ERSI's counsel as soon as he received them from his client. He also indicated that all other ERSI financial records were with the company's former accountants in Utah, and he provided the address of the accounting firm. He indicated in his letter that "I anticipate that the motion to compel will not be confirmed."[1] Clerk's Papers at 522.
*816 On May 22, 2000, Rudolph's counsel sent the accounts payable and accounts receivable documents to ERSI's counsel via fax and via mail.
Also on May 22, 2000, ERSI's counsel sent a letter to Rudolph's counsel indicating that he had confirmed his Motion to Compel and that he would present the motion on May 26, 2000, "as conveyed to you in my letter of May 3, 2000." Clerk's Papers at 524.
On May 25, 2000, Rudolph's counsel faxed and mailed a letter to ERSI's counsel, as follows:
I received your letter of May 22, 2000, this morning in which you state that you have confirmed your motion to compel for Friday, May 26, 2000, despite the fact that I have produced all documents in Wallace Rudolph's possession responsive to your discovery requests and despite the fact that all other documents you are seeking are in the possession of Empirical's former accountants ... in ... Utah.... I do not have access to these documents and neither does Wallace Rudolph.... Rudolph tells me that [the accountants] released all ERSI records in their possession on a subpoena ... a few years ago. You can easily do the same. Your motion is in violation of CR 26, which requires a discovery conference before filing a motion to compel, and is also unethical.
Clerk's Papers at 527.
The trial court heard the motion to compel on May 26, 2000. The court dismissed Rudolph's complaint with prejudice. He appeals.

ANALYSIS
On appeal, Rudolph again argues that the trial court lacked authority to entertain the motion to compel because ERSI had not satisfied the discovery conference and certification requirements of CR 26(i). We agree.
Generally, we review a trial court's order dismissing a case for noncompliance with court orders or rules for abuse of discretion. Apostolis v. City of Seattle, 101 Wash.App. 300, 303, 3 P.3d 198 (2000). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
However, when a trial court does not have discretion in a particular matter, and its decision rests instead on a question of law, then this court will review the trial court's decision de novo. Bishop v. Miche, 137 Wash.2d 518, 523, 973 P.2d 465 (1999). A trial court's authority to entertain a motion, as opposed to its authority to decide that motion, is a question of law that we review de novo.
CR 26(i) provides:
Motions; Conference of Counsel Required. The court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection. Counsel for the moving or objecting party shall arrange for a mutually convenient conference in person or by telephone.... Any motion seeking an order to compel discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met.
(Emphasis added.)
We interpret court rules by reference to rules of statutory construction. State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993). In drafting CR 26(i), our Supreme Court selected the words "will not" and "shall." These words are mandatory, as opposed to "may" which is permissive. Scannell v. City of Seattle, 97 Wash.2d 701, 704, 648 P.2d 435, 656 P.2d 1083 (1982). Because the language of CR 26(i) is mandatory, not permissive, the trial court's decision to hear a CR 37(a) motion to compel is a question of law that this court reviews de novo.
If counsel for the parties have not conferred with respect to a CR 37(a) motion to compel discovery, or if such motion does not include counsel's certification that the conference requirements were met, the trial court does not have discretion to entertain the motion. The rule precludes the trial *817 court from hearing such a motion if the conference requirements are not met.[2]
Contrary to the mandates of CR 26(i), the parties in this case did not confer in person or by telephone to discuss the motion to compel. Although Rudoph's counsel mentioned the conference requirement in his May 25, 2000 letter, it does not appear from the record that either party attempted to arrange for such a conference.[3] Moreover, ERSI's counsel did not provide certification that the conference requirements of CR 26(i) were met.
On appeal, ERSI argues that "a written request for compliance pursuant to Rule CR 26 is better and more effective than an oral telephone call." Br. of Respondent at 10. This argument is meritless as it is contrary to the plain language of the rule requiring a conference in person or by telephone. The trial court lacked authority to entertain a motion to compel that did not contain a certification that the parties had complied with the conference requirements of CR 26(i).[4]
The trial court's order dismissing the case with prejudice is vacated and the matter remanded to the trial court for further proceedings.
We concur: HOUGHTON, J., and ARMSTRONG, C.J.
NOTES
[1] Pierce County Local Rule 7(a)(5) provides:

All motions, except those relating to discovery or motions for default, must be confirmed by counsel for the moving party during the week of the hearing, but not later than 12:00 noon two court days prior to the hearing. Failure to confirm will result in the striking of the motion from the calendar.
[2] During oral argument, counsel for ERSI acknowledged that his motion did not include a certification that the conference requirements of CR 26(i) had been satisfied. He asserted, however, that the trial court found that the transmittal letter he sent to opposing counsel satisfied the certification requirement. The record before us is insufficient to support counsel's claim that the trial court found that the transmittal letter satisfied the certification requirement of CR 26(i). In any event, we disagree. A transmittal letter is not a certification included in the motion and cannot satisfy the requirements of CR 26(i).
[3] ERSI's Motion to Compel apprised the court of its September filing of a request for production, noted Rudolph's partial response, and set out ERSI's reasons for needing the information requested. The motion did not chronicle for the court, nor does the record show, any further discovery efforts by ERSI until the Subpoena Duces Tecum of March 13, 2000.
[4] Additionally, we note that when a trial court chooses one of the harsher remedies allowable under CR 37(b), including dismissal of a case, the trial court must explicitly, and on the record, consider whether a lesser sanction would suffice. Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997). Although ERSI's motion requested alternate relief, there is no indication on the record before us that the trial court considered any sanction other than dismissal of Rudolph's case.