58 P.3d 919 (2002)
Ted CASE, Respondent,
v.
Bary DUNDOM and "Jane Doe" Dundom, husband and wife; also any other Parties Unknown Claiming any Right, Title, Estate, Lien or Interest in the Real Estate Described in the Complaint Herein, Appellants.
No. 27906-1-II.
Court of Appeals of Washington, Division 2.
December 6, 2002.
As Amended January 10, 2003.
William E. Morgan, Hoquiam, WA, for Appellants.
*920 William Stewart, Montesano, WA, for Respondent.
BRIDGEWATER, J.
Bary Dundom appeals the trial court's default judgment against him which quieted title to certain real property in Ted Case. Dundom claims that the default award is invalid because Case did not comply with CR 26(i) before moving for discovery sanctions. We hold that, without the certification described in CR 26(i), a trial court does not have authority to entertain a motion to compel discovery. Accordingly, we reverse the trial court and vacate the default order.
This dispute arises from a real estate deal that never closed. The issues on appeal concern several discovery violations by the real estate purchaser (Dundom), and the propriety of sanctions that the trial court ordered in response to those violations.
On March 7, 2001, Case (the seller) filed an action against Dundom in Pacific County for ejectment and to quiet title. Case served Dundom with interrogatories on May 7, 2001. Dundom failed to reply within the 30-day period set forth in CR 33. On July 16, 2001, Case filed a motion to compel discovery compliance and for sanctions. A commissioner heard Case's motion despite Dundom's absence, ordered compliance within two weeks, and awarded monetary sanctions.
Dundom did not provide the interrogatory responses within the court commissioner's two-week deadline. At a hearing on August 17, the trial court heard Dundom's motion for continuance and Case's "continued motion for discovery compliance." Report of Proceedings (RP) (Aug. 17, 2001) at 2. The court reset the trial to November 7 due to courtroom congestion, and it ordered that Dundom respond to Case's interrogatories by "next Friday" RP (Aug. 17, 2001) at 22. The trial court warned Dundom that future noncompliance would result in default.
Despite the trial court's warning, Dundom missed the "next Friday" deadline. He finally responded to the interrogatories the following Wednesday, August 29. The trial court entered a "Judgement [sic] and Order for Ejectment to Quiet Title" on September 4, 2001, and it denied Dundom's motion for reconsideration at a hearing on September 28.
Generally, we review a trial court's order dismissing a case for noncompliance with court orders or rules for abuse of discretion. Apostolis v. City of Seattle, 101 Wash.App. 300, 303, 3 P.3d 198 (2000). But when a trial court does not have discretion in a particular matter, and its decision rests instead on a question of law, we review the trial court's decision de novo. Bishop v. Miche, 137 Wash.2d 518, 523, 973 P.2d 465 (1999). "A trial court's authority to entertain a motion, as opposed to its authority to decide that motion, is a question of law that we review de novo." Rudolph v. Empirical Research Sys., Inc., 107 Wash.App. 861, 866, 28 P.3d 813 (2001).
CR 26(i) provides:
Motions; Conference of Counsel Required. The court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection. Counsel for the moving or objecting party shall arrange for a mutually convenient conference in person or by telephone. If the court finds that counsel for any party, upon whom a motion or objection in respect to matters covered by such rules has been served, has willfully refused or failed to confer in good faith, the court may apply the sanctions provided under rule 37(b). Any motion seeking an order to compel discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met.
We interpret court rules by reference to rules of statutory construction. State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993). In drafting CR 26(i), our Supreme Court selected the words "will not" and "shall." These words are mandatory, as opposed to "may" which is permissive. Scannell v. City of Seattle, 97 Wash.2d 701, 704, 648 P.2d 435 (1982),656 P.2d 1083 (1983). Because the language of CR 26(i) is mandatory, not permissive, the trial court's decision to hear a CR 37 motion to compel is a question of law that we review de novo. *921 Rudolph, 107 Wash.App. at 866, 28 P.3d 813. If counsel for the parties have not conferred with respect to a CR 37 motion to compel discovery, or if such motion does not include counsel's certification that the conference requirements were met, the trial court does not have authority to entertain the motion. Rudolph, 107 Wash.App. at 866-67, 28 P.3d 813.
Case originally moved to compel discovery on July 16, 2001. In his correspondence with Dundom before and after July 16, which consisted of three letters,[1] Case never mentioned CR 26(i) or a discovery conference. Case did, however, submit two affidavits in support of his July 16 motion. The first stated, in relevant part, "That on June 26, 2001 I mailed correspondence to the Defendant's [sic] regarding the non-compliance of the discovery process and the Defendant's lack of cooperation herein[.]" Clerk's Papers (CP) at 11. The second affidavit stated "The Defendant has failed to answer the Complaint filed herein and has failed to comply with discovery despite written requests for the same." CP at 13. As Case submitted no other relevant affidavit, one of the cited statements must constitute Case's "certification" under CR 26(i); if not, the trial court lacked discretion to entertain the motion.
Before addressing the relevant portion of CR 26(i), we emphasize that the trial court made no findings concerning "willful refusal or failure to confer in good faith." Because the willful refusal provision of CR 26(i) contemplates an attempt at conferencing, and no such attempt appears on the record before us, the provision does not apply to our discussion.
As the CR 26(i) conference requirement is relatively new, case law interpreting "certification" is sparse. We did, however, address the certification requirement in Rudolph v. Empirical Research Sys., Inc., 107 Wash.App. 861, 28 P.3d 813 (2001). There, we held that the trial court lacked discretion to entertain a CR 37 motion because the moving party's motion did not contain a "certification." Rudolph, 107 Wash.App. at 867, 28 P.3d 813. Although we did not address the precise language needed to satisfy the requirement, we emphasized that literal compliance with CR 26(i) was necessary. Empirical Research Systems, the moving party, argued that its written request to opposing counsel for compliance with a discovery request "is better and more effective than an oral telephone call." Rudolph, 107 Wash. App. at 867, 28 P.3d 813. We stated, "This argument is meritless as it is contrary to the plain language of the rule requiring a conference in person or by telephone. The trial court lacked authority to entertain a motion to compel that did not contain a certification that the parties had complied with the conference requirements of CR 26(i)." Rudolph, 107 Wash.App. at 867, 28 P.3d 813.
Although the CR 26 issue in Rudolph was slightly different than the issue here  there we addressed what constitutes a conference  the case demonstrates the strict interpretive approach to the rule. CR 26(i) is designed to facilitate non-judicial solutions to discovery problems by requiring a conference before a court order. The "in person or by telephone" requirement illustrates the policy of contemporaneous, two-way communications. Although traditional mail is a form of communication, it is not a contemporaneous, two-way communication and is certainly not a communication "in person or by telephone." As such, Case's statements that he "mailed correspondence" and made "written requests" for discovery compliance do not certify that he complied with CR 26(i). Also, Case submitted nothing else that we can construe as a certification between July 12 and September 4, 2001, the date judgment was entered. Therefore, the court lacked discretion to award default. The order *922 granting default judgment and imposing sanctions is set aside.
Reversed and remanded.
Respondent requests attorneys fees and costs on appeal. We decline his request under RAP 18.1(b) because he did not devote a section in his brief on attorney fees and costs.
I concur: HOUGHTON, J.
MORGAN, J., (dissenting).
CR 26(i) provides:
The court will not entertain any motion or objection with respect to rules 26 through 37 unless counsel have conferred with respect to the motion or objection.... Any motion seeking an order to compel discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met.
This rule is patterned after King County Local Rule 37(e)[2] and parallels a portion of Federal Rule of Civil Procedure 37(a)(2).[3] its primary purpose is to minimize the use of judicial resources during discovery, or, in the more formal words of the rule's drafters, "to reduce the number of discovery controversies brought before the courts for adjudication."[4] It is designed to aid the court and, to a lesser extent, the party requesting discovery. It is not designed to trap the court or the party seeking discovery, or to be a sword in the hands of the party who has not provided discovery.
In light of this purpose, CR 26(i) should be read as permitting a trial court to not consider a motion to compel discovery unless counsel have conferred and the movant has certified that fact. CR 26(i) should not be read as prohibiting a trial court from exercising its discretion to waive a conference and certification if, under the particular circumstances, that will fairly and sensibly streamline the progress of the case. In short, the rule should be a shield that protects the court from becoming involved in half-baked discovery disputes, not a sword for the discovery violator to wield against the court.
Even though the FRCP 37(a)(2) is worded as "mandatorily" as CR 26(i),[5] most federal cases take this approach. In Ross v. Citifinancial, Inc.,[6] a federal court declined to decide a motion to compel brought under FRCP 37(a)(2) in the absence of the required certification.[7] In Reidy v. Runyon,[8] a federal court decided a motion to compel brought under FRCP 37(a)(2), despite the absence of the required certification. In Imperial Chemicals Industries, PLC v. Barr Laboratories, Inc.,[9] a federal court waived "meaningful consultation" due to the particular circumstances.[10]
*923 A hypothetical illustrates the absurdity of a contrary approach. Suppose that Party A brings a motion to compel discovery against Party B. Party A fails to certify that a discovery conference has occurred. The court chooses to believe that a conference would do no good, and to waive the requirements of CR 26(i). The court finds that Party B has violated the discovery rules, so it imposes sanctions against Party B. Party B appeals, arguing that the court lacked authority to impose sanctions in the absence of a conference and certification.
To agree with Party B is to turn CR 26(i) on its head. The rule's purpose is to assist the court in policing discovery, not to impede the court in policing discovery. The court may enforce it or waive it, and neither party should be allowed to object. Its mandatory language gives notice to the parties that the court has discretion not to consider a motion to compel in the absence of a conference and certification, but its mandatory language does not eliminate the court's discretion to manage discovery proceedings in a fair and expeditious way.
I do not overlook Rudolph v. Empirical Research Systems, Inc.[11] That case construed the rule far too woodenly, and contrary to its intended purpose. I would have dissented if I had been on the panel, and I respectfully dissent today.
I would hold that the trial court had discretion to manage the discovery proceedings and that it acted within the scope of that discretion. Accordingly, I would affirm its order of dismissal.
NOTES
[1] Case relies on these three letters, along with the affidavits discussed below, for compliance with CR 26(i). The first letter, dated May 7, 2001, transmitted the interrogatories and requests for production and directed response within 30 days. The second, dated June 26, noted that Dundom had not yet responded and warned that Case would note a compliance motion and request attorney fees if he did not receive answers, but it did not mention a conference under CR 26(i). The third, dated August 3, included the order granting sanctions, stated the new compliance deadline, August 13, and demanded attorney fees totaling $382. No letter mentions CR 26(i) or a conference. Even if they did, they would not have satisfied Case's obligation under CR 26(i).
[2] King County Local Rule 37(e) provides:

The court will not entertain any motion or objection with respect to Civil Rules 26 through 37, unless it affirmatively appears that counsel have met and conferred with respect thereto. Counsel for the moving or objecting party shall arrange such a conference. If the court finds that the counsel for any party, upon whom a motion or objection in respect to matters covered by such rules is served, willfully refuses to meet and confer, or having met, willfully refuses or fails to confer in good faith, the court may take appropriate action to encourage future good faith compliance.
[3] FRCP 37(a)(2)(A) provides that when a party moves to compel a disclosure required by FRCP 26(a), he or she "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." FRCP 37(a)(2)(B) provides that when a party moves to compel answers to interrogatories and certain other kinds of responses, he or she must certify similarly.
[4] 4 WASHINGTON PRACTICE: RULES PRACTICE, Civil Rule 26, § 22, at 13 (4th ed. Supp.2001). An additional purpose, according to the rule's drafters, is "to encourage professional courtesy between attorneys." Id. at 12-13. At the times pertinent here, however, one party had an attorney and one was pro se.
[5] FRCP 37(a)(2), see supra note 2, states that a motion to compel "must" include a certification.
[6] 203 F.R.D. 239 (S.D.Miss.2001).
[7] See Burton v. RJ Reynolds Tobacco Co., 203 F.R.D. 624 (D.Kan.2001). The Burton court said that FRCP 37(a)(2) is mandatory. That statement was dictum, however, for the court only needed to find that it was discretionary.
[8] 169 F.R.D. 486 (E.D.N.Y.1997).
[9] 126 F.R.D. 467, 472 (S.D.N.Y.1989).
[10] But see Burton, 203 F.R.D. at 627 (declining to hear motion to compel not accompanied by certification, and stating that FRCP 37's conference requirement "is mandatory[.])"
[11] 107 Wash.App. 861, 28 P.3d 813 (2001).