# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| VELMA WALKER, individually and as a class representative; JAMES STUTZ, individually and as a class representative; KARL WALTHALL, individually and as a class representative; GINA CICHON, individually and as a class representative, and; MELANIE SMALLWOOD, individually and as a class representative, | No.  46814-0-II (Consol. with No. 47134-5-II) |
| Respondents, | |
| v. | UNPUBLISHED OPINION |
| HUNTER DONALDSON, LLC, a California limited liability company; MULTICARE HEALTH SYSTEM, a Washington nonprofit corporation; MT. RAINIER EMERGENCY PHYSICIANS, a Washington for-profit corporation; REBECCA A. ROHLKE, individually, on behalf of the marital community and as agent of Hunter Donaldson; JOHN DOE ROHLKE, on behalf of the marital community; RALPH WADSWORTH, individually, on behalf of the marital community, and as agent of Hunter Donaldson, and; JANE DOE WADSWORTH, on behalf of the marital community. | |
| Appellants. | |

SUTTON, J. — Ralph Wadsworth and Rebecca Rohlke appeal the trial court's orders to compel discovery, award sanctions, and enter judgments against them for their willful violations of the court's orders.  We hold that the trial court had the authority to hear the plaintiffs' motions to compel because plaintiffs' counsel satisfied CR 26(i)'s requirements.  We also hold that the trial

court's orders to compel were clear and that the trial court's finding, that Wadsworth and Rohlke had control over the corporate documents, is supported by the record. Thus, we hold that the trial court did not abuse its discretion when it ordered them to answer the discovery and produce all responsive documents.

We also hold that the trial court's finding, that Wadsworth and Rohlke willfully violated the court's orders, is supported by the record. Thus, we hold the trial court did not abuse its discretion when it awarded sanctions and entered judgments against them.[1] We affirm the trial court's orders, and we also award Walker her reasonable attorney fees and costs on appeal.

## FACTS

### I. BACKGROUND

#### A. PROPOSED CLASS ACTION COMPLAINT

This appeal arises from a proposed class action complaint filed by Velma Walker and other plaintiffs (collectively "Walker"), against Hunter Donaldson, LLC, and its corporate employees, Wadsworth, the corporate owner, and Rohlke, a corporate officer. Walker received healthcare services from MultiCare and other defendants for traumatic injuries caused by third-party tortfeasors. MultiCare contracted with Hunter Donaldson, a California corporation, to act as its agent in Washington, and to file and collect medical services liens under RCW 60.44.020.[2]

---

[1] The trial court granted a CR 54(b) certification.

[2] RCW 60.44.010 provides that medical care providers for a person who has received a traumatic injury shall have a lien upon any claim, right of action, and/or money to which the person is entitled against any tortfeasor.

Walker alleged that Hunter Donaldson, Wadsworth, Rohlke, and MultiCare fraudulently registered Rohlke as a Washington State notary, that she falsified medical liens on behalf of MultiCare, and that she violated state law. Walker also alleged that because of Rohlke's fraudulent representations, Hunter Donaldson was not authorized to act as an agent for MultiCare and, thus, the liens were invalid. Walker further alleged that Wadsworth's and Rohlke's actions deprived Walker and other plaintiffs of the use of their medical funds because Hunter Donaldson had filed and collected on the medical services liens, and that Hunter Donaldson received higher payments on the liens than the payments negotiated with the plaintiffs' health insurance plans. Walker alleged fraud, conspiracy, negligence, Consumer Protection Act[3] violations, and other tort actions on behalf of the proposed class members.

B. INITIAL DISCOVERY REQUEST

In May 2013, Walker served Hunter Donaldson, Wadsworth, and Rohlke with the complaint, the amended complaint, and the initial discovery, including interrogatories, requests for production, and requests for admission. The discovery sought information related to the

---

[3] Ch. 19.86 RCW.

allegations against Hunter Donaldson,[4] Wadsworth,[5] and Rohlke involving their contract with MultiCare.

C. REMOVAL TO FEDERAL COURT AND REMAND

On May 31, 2013, Hunter Donaldson and Wadsworth then removed the action to federal district court. On June 10, Hunter Donaldson and Wadsworth sent a letter to Walker objecting to the May 1 discovery requests because "the original June 10 deadline . . . to respond to discovery served with the initial complaint [was] no longer effective." Clerk's Papers (CP) at 244. Hunter Donaldson and Wadsworth also stated that "[s]hould [Walker] have a contrary view, [they deny] all requests for admission and [object] to all interrogatories and requests for production." CP at 244.

On January 17, 2014, the parties agreed to a 30-day stay of the federal court proceedings to facilitate settlement negotiations. On January 22, the federal district court remanded the action to Pierce County Superior Court. On February 17, the stay of proceedings expired without the parties having settled the action.

---

[4] Walker requested that Hunter Donaldson produce all documents related to requests for reimbursement of business expenses from Wadsworth and Rohlke between 2008 and 2013.

[5] Walker requested that Wadsworth produce the following: all documents related to the liens recorded on behalf of MultiCare and legally executed by Wadsworth between 2010 and 2013; all documents to or from MultiCare related to Rohlke's application for notary public in Washington; all communications to and from MultiCare's vice president in charge of the revenue cycle between 2009 and 2013; all communications to and from MultiCare related the execution and collection of the liens between 2009 and 2013; all work schedules and calendars between 2010 and 2013; all state and federal tax returns for 2009-2012; and all cell phone bills for the time period between January and April 2013.

D. CR 26(i) CONFERENCE

On March 6, the parties held a CR 26(i) telephone conference because they disagreed about whether the May 2013 discovery was still valid due to the removal to, and remand from, federal court. On March 10, Walker sent a letter to defense counsel, requested depositions, and stated that a CR 26(i) conference related to the initial discovery had been held the week before.

> I understand from our CR 26(i) conference last week that you will take the position that the removal somehow eviscerated that set of discovery so we will file our motion to compel on Thursday and obtain guidance from the Court on that issue.

CP at 232.

## II. MOTION AND ORDER TO COMPEL

A. MARCH 2014 MOTION AND THE TRIAL COURT'S ORDER TO COMPEL

On March 13, 2014, Walker filed her first motion to compel discovery from Hunter Donaldson and Wadsworth.[6] Walker argued that the discovery requests to Hunter Donaldson and Wadsworth had been outstanding since May 1, 2013.

At the hearing on March 28, defense counsel confirmed that she represented Hunter Donaldson, Wadsworth, and Rohlke. Defense counsel argued that removal of the action to federal court mooted the May 2013 discovery request, that they had timely objected on June 10, 2013, that the requests were overly broad, that some of the discovery referred to confidential medical information, and that Walker could have simply served the discovery requests again, but had not done so. Hunter Donaldson and Wadsworth asked the trial court to rule that the discovery had

---

[6] The March 28 motion to compel did not seek to compel discovery from Rohlke.

5

been served on March 28, to allow them 30 days to respond, or to direct Walker to serve the discovery requests again.

Before addressing the merits of the motion to compel, the trial court confirmed that the protective order it had entered earlier addressed the confidential medical information, that the requested discovery related to the allegations in the amended complaint, and that the parties had held a CR 26(i) conference on March 6. After hearing arguments, the trial court granted the motion to compel, ruled that the May 2013 discovery did not need to be reserved, and ordered that "[a]ll outstanding discovery responses will be produced by no later than close of business on April 25, 2014; and . . . [t]he responses will include a good faith attempt to fully answer each interrogatory or request for production, or provide an objection justified in law." CP at 283.

B.  DISCOVERY RESPONSES

On April 11, the parties appeared in court on a related matter, and the trial court asked defense counsel whether the discovery would be produced by the April 25 deadline. Defense counsel responded that it was "[their] plan to produce the discovery."[7]  Verbatim Report of

---

[7] Although Rohlke was not included in the initial motion to compel, defense counsel, who represented Hunter Donaldson, Wadsworth, and Rohlke, advised the trial court on April 11 that the corporate defendants planned to comply with the trial court's March 28 order to compel.

6

No. 46814-0-II
(Consol. with No. 47134-5-II)

Proceedings (VRP) (April 11, 2014) at 27. On April 25, Hunter Donaldson, Wadsworth, and Rohlke provided partial responses, made numerous blanket objections, and did not produce any documents.[8]

C. TELEPHONE CONFERENCE, E-MAIL, AND SUPPLEMENTAL RESPONSES

On May 2, 2014, the parties held a CR 26(i) telephone conference to discuss the discovery request and the April 25 responses and objections. After the telephone conference, Hunter Donaldson and Wadsworth "informally" produced a single spreadsheet of medical services lien data to Walker. CP at 381. However, they did not identify the specific request for production that the data answered or clarify their prior responses.[9]

On May 6, Hunter Donaldson and Wadsworth informally produced 40 pages of emails related to Hunter Donaldson's failure to pursue liens against patients with commercial insurance. A large number of the emails were partially or entirely redacted without a privilege log or any explanation for the redactions,[10] and the discovery responses were not signed or certified as

---

[8] Wadsworth and Rohlke objected to several of the requests for production and stated that the requests were "overly broad, unduly burdensome to respond to and not reasonably tailored to the discovery of admissible information" related to Walker's claims. They also stated that the requests were "vague, ambiguous . . . and inaccurate," and that Wadsworth and Rohlke "[would] produce responsive documents identified as a result of a reasonable search." CP 308-368. In subsequent hearings, defense counsel argued that the trial court's March 28 order to compel did not require Hunter Donaldson, Wadsworth, or Rohlke to actually produce documents by April 25, but only required that they serve their answers to the discovery by April 25.

[9] Hunter Donaldson and Wadsworth admitted that this same spreadsheet had been previously provided in discovery to MultiCare and Walker in a separate, related lawsuit.

[10] *See* CR 26(b)(6).

7

required under CR 26(g).[11]  On May 13, Walker's counsel emailed defense counsel about the lack of responses and stated that "[he] would love to hear from [Hunter Donaldson] that [the discovery responses were] coming today or tomorrow so we can avoid the motion practice."  CP at 372.

III.  MAY 2014 MOTION TO COMPEL, MOTION FOR SANCTIONS, SUPPLEMENTAL RESPONSES, AND THE TRIAL COURT'S ORDER

On May 15, Walker filed a second motion to compel and also filed a motion for sanctions under CR 37(b)(2) against Hunter Donaldson, Wadsworth, and Rohlke.  Walker's counsel certified that "he discussed these issues by email with the Hunter Donaldson defendants' [counsel] on May 13, 2014."  CP at 292.  On May 22, for the first time in their supplemental discovery responses, Wadsworth and Rohlke stated that they had "no responsive documents within [their] possession or control" and that the documents were "in the possession or control of Hunter Donaldson."  Their counsel signed and certified the supplemental discovery responses under CR 26(g).  Hunter Donaldson did not provide any supplemental responses.

On May 23, the trial court heard Walker's second motion to compel.  Walker argued that, although Hunter Donaldson, Wadsworth, and Rohlke had stated that they would produce documents after a reasonable search, they had failed to produce any documents in response to the May 2013 discovery request.  Walker also argued that the defendants violated the trial court's

---

[11] CR 26(g) requires that an attorney of record sign and certify the discovery responses as being provided (1) consistent with these rules, (2) not interposed for any improper purpose, and (3) not unreasonable or unduly burdensome or expensive.  If a certification is made in violation of CR 26(g), the court shall impose, upon the person who made the certification or the party on whose behalf the certification was made, an appropriate sanction, which may include an order for reasonable attorney fees.

March 28 order to compel because they failed to produce all responsive documents by April 25, and they had represented to the court on April 11 that the deadline would be met. Walker requested an award of fees and costs under CR 37(b)(d) for both motions to compel.

Hunter Donaldson, Wadsworth, and Rohlke repeated their argument that removal of the case to federal court mooted the discovery request, and that they had timely objected to the discovery. They also argued that the May 2, 2014, phone call with Walker did not satisfy the meet and confer requirement under CR 26(i), and that the May 13 email by Walker's counsel did not satisfy the certification requirement under CR 26(i). They asked that "the motion should be denied just for lack of conference" and then stated that

> Hunter Donaldson is absolutely willing and happy to make document production; we just need some help and clarification and illumination on a target from plaintiffs' counsel. There hasn't been really any attempts to confer with Hunter Donaldson on this issue by [plaintiff's counsel]. We've had one phone call, May 2nd, to discuss document production and [plaintiff's counsel] helped some, gave us some idea of specific things he was looking for, and Hunter Donaldson produced those to him immediately informally, and since then there's been no discussion of this document production issue despite Hunter Donaldson's attempts to contact [plaintiff's counsel] about it.

VRP (May 23, 2014) at 4-5.

The trial court then held the following colloquy,

> THE COURT: I'm confused by the 26(i) reference. Isn't the 26(i) reference now moot because the Court entered an order on March 28th that required that there be full compliance by April 25th? . . . So the requirement of CR 26(i) is over, that would have come in March.

VRP (May 23, 2014) at 5.

> [WALKER'S COUNSEL]: Yes. . . . [T]here was a single document that was produced, it is Ms. Rohlke's notary certificate by the State of Washington stating she had a notary license. That's the document they produced. So I ask Your Honor

9

to sanction these interrogatories. These were propounded a year ago and they were served when the lawsuit was filed.

So finally in the start of 2014, time came to answer the discovery; they refused. There was a first motion to compel, as the Court is aware of, and the Court generously gave them 30 more days . . . to fully comply with the discovery request and they have not done so.

VRP (May 23, 2014) at 6-7.

[DEFENSE COUNSEL]: I'd like to clarify what the original order on this discovery was; that the motion to compel was the result of the procedural quagmire after the case was removed and subsequently remanded, and Hunter Donaldson had simply asked that the discovery be re-propounded. That motion was not regarding the content of any discovery, it was regarding when it had to be answered and Hunter Donaldson and all defendants then answered the discovery. This is the plaintiff's first motion about the content of this discovery and I think it's disingenuous to try and rope in this first motion as Hunter Donaldson having violated it when that's not the case here.

Hunter Donaldson answered that discovery, said it would produce documents as a result of a reasonable search and is willing to do that and is happy to do that, but we need some clarification from the plaintiffs on that and we have gotten very little despite many attempts to get them about what they would like to see.

VRP (May 23, 2014) at 10-11.

After hearing arguments, the trial court ruled,

This will be my ruling. I am going to impose a daily sanction between now and May 30th for $ 100.00 per day, between now and May 30th, until proper answers are produced, documents are produced, and the appropriate signatures are on all the documents.

I think my order was quite clear in March, and I also think -- I agree with [Walker's counsel] that the interrogatories and request for production are tailored to the issues in this case, are not overbroad or vague, and should be completely answered. I'm also imposing $2,500.00 in attorney's fees for [Walker's counsel's] presence.

VRP (May 23, 2014) at 11-12.

10

The trial court granted Walker's second motion to compel and entered an order to compel the production of discovery responses and all responsive documents by Hunter Donaldson, Wadsworth, and Rohlke.[12] The trial court also granted Walker's motion for sanctions and awarded monetary sanctions under CR 37 against Hunter Donaldson, Wadsworth, and Rohlke. The trial court's May 23 order stated,

> Defendant Hunter Donaldson, Wadsworth and Rohlke are hereby [o]rdered to produce full and complete responses to Plaintiff's first Interrogatories and Requests for Production of Documents, specifically including all responsive documents, and sign the same. It is further [ordered] that Defendant Hunter Donaldson, Wadsworth and Rohlke are jointly ordered to pay $2500 in attorney fees, and pay sanctions until they comply with this order, as follows:
>
> Wadsworth, Rohlke and Hunter Donaldson shall jointly pay $100.00 per day through May 30, 2014, and $1000.00 per day for each day after May 30, 2014, for each day that Hunter Donaldson, Rohlke, and Wadsworth have not fully answered plaintiff's interrogatories, produces full and complete responses to plaintiffs' requests for production, signed the discovery requests, and delivered the same to plaintiffs' counsel.

CP at 400-02.

On May 29, Wadsworth and Rohlke served Walker with their second supplemental responses to the initial discovery request but did not provide supplemental answers or documents. Instead, they confirmed that they had produced all responsive documents in their possession except their tax returns, and they objected to most of the discovery with blanket objections. Their counsel signed and certified the discovery responses under CR 26(g). On June 9, Walker's counsel wrote a letter to counsel for Hunter Donaldson, Wadsworth, and Rohlke and reminded them that

---

[12] Even though Rohlke was not named in the initial motion to compel, Rohlke was included in the second motion to compel and in the trial court's May 23 order to compel.

11

sanctions were accruing and that they owed Walker the discovery and the production of documents.[13]

## IV. MOTIONS AND ORDERS FOR SANCTIONS AND ENTRY OF JUDGMENT

### A. JULY HEARING

On July 17, 2014, Walker filed a motion for entry of a partial judgment against Wadsworth and Rohlke for $51,300, the amount of the accrued sanctions to date. Walker also requested that the trial court impose sanctions and enter a judgment against their counsel in the amount of $5,000 for his violation of CR 26(g).[14] Walker argued that Wadsworth and Rohlke continued to violate the May 23 order to compel by withholding documents. Walker argued that Wadsworth and Rohlke were corporate employees, they continued to have daily involvement with Hunter Donaldson, they had access to the corporate documents requested in discovery, and they should be required to provide the requested documents.

Wadsworth and Rohlke argued that the requested documents were the corporate property of the Hunter Donaldson, and that they did not have control of them. Hunter Donaldson argued that because Wadsworth and Rohlke continued to be intimately involved in the daily operations within Hunter Donaldson, that entry of a judgment jointly against Wadsworth and Rohlke would

---

[13] In June 2014, Hunter Donaldson filed Chapter 11 Bankruptcy and a notice of automatic stay of proceedings. On July 29, Hunter Donaldson filed an emergency motion for preliminary injunction in the bankruptcy court and requested a stay of all actions against Wadsworth and Rohlke in the Walker lawsuit. On August 6, the bankruptcy court denied Hunter Donaldson's motion for a preliminary injunction to enjoin the proceedings against Wadsworth and Rohlke.

[14] Walker's motion for sanctions and the entry of judgment did not include Hunter Donaldson, due to the bankruptcy stay entered with respect to Hunter Donaldson.

No. 46814-0-II
(Consol. with No. 47134-5-II)

"create a judgment against Hunter Donaldson" and would violate the automatic bankruptcy stay.

CP at 489.   Wadsworth and Rohlke also renewed their objections to producing tax records.

On August 1, the trial court heard Walker's second motion for sanctions and for entry of judgment.  Before proceeding on the merits, the trial court confirmed that the bankruptcy court's stay applied only to Hunter Donaldson, and that the trial court could proceed as to Wadsworth and Rohlke.  The following colloquy took place:

> [COUNSEL FOR HUNTER DONALDSON]:   So in order for you to impose sanctions based on their not getting documents from Hunter Donaldson, that would presuppose a finding today that Hunter Donaldson is in continuing violation of that order, which of course - -
>
> THE COURT: No, I will not.
>
> [COUNSEL FOR HUNTER DONALDSON]:  -- the Court cannot do.
>
> THE COURT:  I will not do that.

VRP (August 1, 2014) at 11.

> THE COURT:   I can't believe that they don't have written electronic communications between Wadsworth and [MultiCare vice president], work schedules or calendars, cell phone bills. I mean, that seems to be pretty straightforward.
>
> [COUNSEL FOR WADSWORTH AND ROHLKE]:  Our position is that Ralph Wadsworth and Rebecca Rohlke did not have control over the company's E-mail server on which E-mails and calendars are located, and they do not have control over bill records.

VRP (August 1, 2014) at 14.

> [COUNSEL FOR HUNTER DONALDSON]:  E-mails and other documents that were generated in the course of their business are documents of the company. They're owned and in possession of two other companies under the stay, nothing can be done to force that those documents be turned over.  No order can be issued as a result of anybody not turning those over because of the stay.

13

No. 46814-0-II
(Consol. with No. 47134-5-II)

VRP (August 1, 2014) at 15.

The trial court found that Wadsworth and Rohlke, as corporate employees of Hunter

Donaldson, had access to the requested corporate documents and stated,

> THE COURT: [Their failure to produce the documents is] not being condoned. The relief requested today is not to compel, I have already done that. The relief requested today is to -- enter judgment, and I'm going to do that. I'm not going to sanction [counsel for Wadsworth and Rohlke]. So whatever it is through today, I'm prepared to enter an order against Wadsworth and Rohlke only.
>
> . . . .
>
> THE COURT: I already ordered Wadsworth and Rohlke to produce those records and they've failed to do it. I mean, at the very least what I could do is enter a judgment that would go right up to the date that the bankruptcy stay was filed. I mean, as you can tell, I'm not very happy about what's happened in this case. I think Rohlke and Wadsworth and frankly Hunter Donaldson have been evading the Court's orders.

VRP (August 1, 2014) at 16-17.

The trial court found "that Defendants Ralph Wadsworth and Rebecca Rohlke remained in

violation of the Court's May 23 order compelling discovery responses" through August 1, and

granted Walker's motion for entry of judgment in the accrued amount of $51,300. CP at 568. The

judgment and order were filed on August 1, 2014. The trial court did not award sanctions or enter

judgment against defendants' counsel.

B. SEPTEMBER HEARING

On September 17, Walker filed another motion for sanctions and entry of judgment against

Wadsworth and Rohlke. Walker also moved nunc pro tunc to clarify that the trial court's

August 1 order found Wadsworth and Rohlke in contempt of the May 23 order to compel because

the order included a condition that imposed continuing sanctions. On September 26, another trial

court judge heard these motions.

14

At the hearing, Walker argued that Wadsworth and Rohlke had failed to fully respond to the May 2013 discovery requests and had not yet provided calendars, emails, cell phone records, and other written correspondence related to their contract with MultiCare.[15] In response, Wadsworth and Rohlke argued that the trial court's August 1 order should not be characterized nunc pro tunc as an order granting CR 37 sanctions based on willful violations or as a contempt order, because the court did not use the language required to find statutory contempt under RCW 7.21 in its ruling or in its order. Wadsworth and Rohlke also argued that they did not possess any additional responsive documents and that they believed they had complied in good faith when they provided their responses.

The trial court found that the remaining responsive records were within Wadsworth's and Rohlke's possession and control, that they willfully evaded the trial court's previous order, and that they were in contempt of the court's order under CR 37, stating,

> THE COURT: [Hunter Donaldson's counsel], you've respectfully and appropriately argued . . . the positions here, but I think these individuals are—are indeed trying to hide behind the form of an LLC and they don't want to comply. That's the conclusion that I draw from what the evidence is. And the sanctions should continue.

VRP (September 26, 2014) at 31.

The trial court granted Walker's motion for sanctions and for entry of judgment. However, the trial court denied the motion for a nunc pro tunc order that the August 1 order was an order for *statutory* contempt, but found Wadsworth and Rohlke were in contempt of court under

---

[15] Wadsworth and Rohlke produced the requested tax returns two days after Walker filed the September 17 motion.

15

CR 37(b)(2)(D) "for their willful failure to comply with the Court's May 23, 2014, Order compelling discovery responses." CP at 912. The trial court awarded sanctions of $1,000 per day from July 18 to September 26, and entered a second judgment in the amount of $70,000 against Wadsworth and Rohlke.

C. DECEMBER HEARING

On December 4, Walker filed a motion for entry of a third judgment against Wadsworth and Rohlke. Walker requested that the trial court find them in contempt under CR 37(b)(2)(D), and requested that the trial court enter an additional judgment of $18,000 for their willful and deliberate refusal to comply with the trial court's orders between September 27 and October 15, 2014.[16] Wadsworth and Rohlke argued that the trial court no longer had jurisdiction because they had appealed the earlier sanctions, judgments, and underlying orders. They also argued that they had misunderstood the trial court's previous orders to compel, that they had a "good faith belief" that they were no longer required to produce the corporate documents,[17] and that the requested discovery documents were no longer necessary. CP at 981.

On December 19, the trial court granted Walker's motion for sanctions and entry of judgment, and entered a judgment in the amount of $18,000 against Wadsworth and Rohlke. The trial court stated,

---

[16] On October 15, Wadsworth and Rohlke produced over 40,000 pages of discovery documents, and provided their third supplemental responses.

[17] On October 28 and 29, Wadsworth and Rohlke both admitted in their depositions that they had access to their emails and calendars.

No. 46814-0-II
(Consol. with No. 47134-5-II)

> THE COURT: [Counsel for Wadsworth and Rohlke], I recognize the result is harsh on your clients, but the Court's order was clear. I disagree with your assessment that [the prior judges]'s order was not clear. I think the order that this Judge entered was clear as well. I think I have to and must retain the authority to enforce a contempt order, and I am going to do so.

VRP (December 19, 2014) at 12. The trial court made the following findings of fact:

> 1. Defendants Ralph Wadsworth and Rebecca Rohlke are hereby found to be in contempt of court pursuant to CR 37(b)(2)(D) for their willful failure to comply with the Court's May 23, 2014, Order compelling discovery responses and September 26, 2014, Order Granting Plaintiffs' Motion for Sanctions for the period from September 26, 2014, to October 15, 2014.

> 2. Judgment shall be entered in favor of Plaintiffs and against Ralph Wadsworth and Rebecca Rohlke for their continued failure to comply with the Court's May 23, 2014, Order compelling discovery responses in the amount of $1,000.00 per day from September 17, 2014, through October 15, 2014, totaling $18,000.00.

CP at 1152-53. Wadsworth and Rohlke[18] appealed.[19]

ANALYSIS

Wadsworth and Rohlke argue that the trial court lacked the authority to hear Walker's second motion to compel because the May 2 telephone conference did not satisfy the meet and confer requirement of CR 26(i). Wadsworth and Rohlke also argue that the May 13 email by Walker's counsel did not meet the certification requirement of CR 26(i). Wadsworth and Rohlke argue that a literal compliance with CR 26(i) is required based on this court's holdings in *Clarke*

---

[18] Hunter Donaldson did not appeal.

[19] On January 30, 2015, the trial court granted the class action settlement and dismissed Walker's claims with prejudice. The settlement agreement was filed on January 30, 2015.

17

*v. Office of Attorney General*[20] and *Case v. Dundom.*[21]  We hold that because Walker satisfied CR

26(i)'s requirements, the trial court had the authority to hear the motion to compel.

I.  THE TRIAL COURT'S AUTHORITY TO HEAR THE MOTION TO COMPEL

We review the trial court's decision to hear a CR 37 motion to compel de novo.  *Case v.*

*Dundom*, 115 Wn. App. 199, 202, 58 P.3d 919 (2002) (citing *Rudolph v. Empirical Research Sys.,*

*Inc.*, 107 Wn. App. 861, 866, 28 P.3d 813 (2001)).

A.  CR 26(i) REQUIREMENTS

CR 26(i) sets forth the requirements for counsel to meet and confer and for the moving

party to certify compliance with these requirements prior to filing a motion to compel discovery

and/or sanctions:

> **Motions; Conference of Counsel Required.**  The court *will not entertain* any motion or objection with respect to [rule 26] unless counsel have conferred with respect to the motion or objection.  Counsel for the moving or objecting party *shall arrange* for a mutually convenient *conference in person or by telephone*.  If the court finds that counsel for any party, upon whom a motion or objection in respect to matters covered by such rules has been served, has willfully refused or failed to confer in good faith, the court may apply the sanctions provided under rule 37(b).[22]  Any motion seeking an order to compel discovery or obtain protection *shall include counsel's certification that the conference requirements of this rule have been met*.

---

[20] *Clarke v. Office of Attorney General,* 133 Wn. App. 767, 138 P.3d 144 (2006).

[21] *Case v. Dundom*, 115 Wn. App. 199, 58 P.3d 919 (2003).

[22] CR 37(b) authorizes the trial court to order sanctions for a party's failure to answer a question after being directed or ordered to do so by the court.  A party's failure to abide by the court's order may be considered a contempt of court.

CR 26(i) (emphasis added).  CR 26(i)'s meet and confer requirement is designed to facilitate nonjudicial solutions to discovery problems by requiring a conference and certification of the conference by the moving party before the court may hear the motion.  *Case*, 115 Wn. App. at 204. We have held that a "contemporaneous, two-way communication" is necessary before the trial court has the authority to hear a motion to compel because the rule requires the moving party to arrange for a telephone or in person conference, and to certify that CR 26(i) requirements have been met.  *Clarke v. Office of Attorney General,* 133 Wn. App. 767, 780, 138 P.3d 144 (2006); *Case*, 115 Wn. App. at 204; *see Rudolph*, 107 Wn. App. at 867.

B.  COMPLIANCE WITH CR 26(i)

On March 6, 2014, Walker's counsel held the first telephone conference with defense counsel for Hunter Donaldson, Wadsworth, and Rohlke to discuss whether the May 2013 discovery was still valid after the case had been remanded from federal court.  Walker's counsel confirmed this discussion in a letter dated March 10.  Walker then filed her first motion to compel and her counsel certified that the March 6 telephone discussion complied with CR 26(i).[23]  The trial court heard Walker's first motion to compel on March 28 and defense counsel was present.[24] The trial court ordered that "[a]ll outstanding discovery responses will be produced by no later than close of business on April 25, 2014."  CP at 282.  On April 11, defense counsel appeared in

---

[23] The certification stated "[Walker's counsel] certifies that he discussed these issues by telephone with the [Hunter Donaldson Defendants' counsel] on March 6, 2014."  CP at 118.

[24] Hunter Donaldson, Wadsworth, and Rohlke do not assign error to the trial court's authority to hear the March 28, 2014 order.

court on a related matter and told the court that "it was [their] plan to produce the discovery" by the April 25 court-ordered deadline. VRP (April 11, 2014) at 27. On April 25, Hunter Donaldson, Wadsworth, and Rohlke responded to many of the discovery requests by stating that responsive documents would be produced after a reasonable search. They also made numerous objections, and did not produce any documents.

Walker's counsel then arranged for and held a second telephone conference on May 2 to discuss the outstanding discovery requests before filing a second motion to compel. After the May 2 telephone conference, Walker's counsel then followed up with a May 13 email, and also certified that the CR 26(i) requirements had been met, relying on the May 13 email.

Under the mandatory language of CR 26(i) that counsel for *the moving party shall arrange* for a telephone conference before filing a motion to compel, Walker's counsel met this requirement before filing the second motion to compel. Further, under the mandatory language of CR 26(i) requiring that *the moving party "shall include counsel's certification that the conference requirements of this rule have been met,"* Walker's counsel also met this requirement. Walker's counsel had a contemporaneous two-way conversation with defense counsel, unlike the counsel

No. 46814-0-II
(Consol. with No. 47134-5-II)

for the moving party in *Clarke*,[25] *Case*,[26] and *Rudolph*.[27] *Clarke*, 133 Wn. App. 780-81; *Case*, 115 Wn. App. at 202-04; *Rudolph*, 107 Wn. App. at 867. Because trial counsel met the requirements of CR 26(i), we hold that the trial court had the authority to hear the motion to compel on May 23.

## II. THE TRIAL COURT'S ORDERS TO COMPEL

Wadsworth and Rohlke argue that they did not have control over the corporate documents, the trial court did not find that they had control, and thus, the trial court abused its discretion when it ordered them to produce the corporate documents. We hold that the trial court did find that Wadsworth and Rohlke had control over the corporate documents, and that the trial court's finding is supported by the record. Thus, we hold that the trial court did not abuse its discretion when it ordered them to produce all responsive documents by April 25, 2014.

---

[25] In *Clarke,* the moving party certified that she complied with the conference requirement when the parties agreed that they spoke on the telephone twice to resolve outstanding discovery issues and agreed on a time when the moving party would review the outstanding material. 133 Wn. App. 780. However, we held that because Clarke "failed to retrieve the information and, instead, without a further CR 26(i) conference to discuss any remaining discovery issues, filed the motion to compel," the telephone discussions did not satisfy the CR 26(i) conference requirement. 133 Wn. App. 780-81.

[26] In *Case*, we held that the moving party failed to satisfy the "in person or by phone" requirement under CR 26(i) when he mailed three letters regarding discovery and stated that he would file a motion to compel if he did not receive answers, but did not pursue further communication before he filed the motion to compel. 115 Wn. App. at 202-04.

[27] In *Rudolph*, we held that a letter by the moving party to opposing counsel which mentioned the conference requirement was insufficient when the letter did not indicate that the parties attempted to arrange for such a conference and the motion did not contain a CR (26(i) certification that the conference requirements had been met. 107 Wn. App. at 867.

21

We review a trial court's ruling on a motion to compel for an abuse of discretion. *Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 684, 41 P.3d 1175 (2002). An abuse of discretion occurs when the trial court's decision rests on untenable grounds or when no reasonable judge would have reached the same conclusion. *Mayer v. STO Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

On May 22, 2014, for the first time, Wadsworth and Rohlke stated that they had "no responsive documents" because the corporate documents were "in the possession or control of Hunter Donaldson." CP at 455-458, 463-67. At the hearing, the trial court rejected Wadsworth and Rohlke's argument because it had already ordered them to produce all responsive documents by April 25.[28]

At the subsequent court hearings on August 1, September 26, and on December 19, the trial court again rejected their argument that they lacked control. Instead, the trial court found that Wadsworth and Rohlke, as corporate employees, continued to have daily involvement in Hunter Donaldson, and the trial court ruled that they had control over the corporate documents and were required to produce all responsive documents. The record also shows that on October 15, Wadsworth and Rohlke produced 40,000 documents including corporate documents which they later admitted had been under their control. The trial court's finding, that Wadsworth and Rohlke had control over the corporate documents, is supported by the record. Thus, we hold that the trial

---

[28] Although Rohlke was not included in the initial motion to compel, defense counsel's response to the trial court on April 11, 2014, indicated that the corporate defendants, which included Rohlke, planned to comply with the trial court's March 28 order to compel. Defense counsel also signed the trial court's May 23 order to compel on behalf of the corporate defendants, including Rohlke.

22

court did not abuse its discretion when it ordered the discovery and the production of all responsive documents by Wadsworth and Rohlke.

### III. CR 37 DISCOVERY SANCTIONS

Wadsworth and Rohlke argue that the trial court abused its discretion when it awarded CR 37 sanctions against them. We disagree and hold that the trial court did not abuse its discretion in awarding sanctions against Wadsworth and Rohlke.

We review a trial court's award of CR 37 sanctions for an abuse of discretion. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.,* 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). A party may not simply ignore or fail to respond to discovery requests—they must answer, object, or seek a protective order. CR 37(d); *Magaña v. Hyundai Motor America,* 167 Wn.2d 570, 584, 220 P.3d 191 (2009). "'A party's disregard of a court order without reasonable excuse or justification is deemed willful.'" *Magaña*, 167 Wn.2d at 584 (quoting *Rivers*, 145 Wn.2d at 686-87). A trial court need not tolerate deliberate and willful discovery abuse. *Magaña*, 167 Wn.2d at 576. If a party fails to comply with an order to compel discovery, a trial court may impose sanctions under CR 37. A trial court has broad discretion as to the choice of a sanction for a party's violation of a discovery order. *Fisons*, 122 Wn.2d at 339. We overturn a trial court's sanction only if it is clearly unsupported by the record. *Magaña*, 167 Wn.2d at 583. "[S]ince the trial court is in the best position to decide an issue, deference should normally be given to the trial court's decision." *Magaña*, 167 Wn.2d at 583.

A. THE LANGUAGE OF THE COURT'S ORDERS TO COMPEL

Wadsworth and Rohlke argue that the trial court's orders to compel were not clear. We disagree because the trial court's orders were clear.

As discussed above, the trial court entered orders to compel on March 28 and May 23. The plain language of trial court's orders[29] required the corporate defendants "to produce full and complete responses" and production, and "specifically including all responsive documents." Wadsworth's and Rohlke's additional argument, that the trial court did not require them to produce corporate documents until the court's September 26 order, is refuted by the plain language of the trial court's orders. We hold that the trial court's orders were clear.

B. CONTROL OVER THE CORPORATE DOCUMENTS

Wadsworth and Rohlke argue that they did not have control over the corporate documents of Hunter Donaldson and that the trial court did not find that they had control. We disagree and hold that the trial court's finding, that Wadsworth and Rohlke had control over the corporate documents of Hunter Donaldson, is supported by the record.

The trial court found that Wadsworth and Rohlke had control over the corporate documents based on their continuing involvement in Hunter Donaldson. The trial court did not believe, and in fact it rejected, Wadsworth's and Rohlke's explanations that they lacked control over the corporate documents. Wadsworth and Rohlke also admitted in their depositions that they had

---

[29] The March 28 order was directed to Hunter Donaldson and Wadsworth. On April 11, defense counsel, representing Hunter Donaldson, Wadsworth, and Rohlke, advised the trial court that the corporate defendants planned to comply with the court's order. The May 23 order was directed to Hunter Donaldson, Wadsworth, and Rohlke.

24

control over their emails and calendars. The trial court's finding, that Wadsworth and Rohlke had control over the corporate documents, is supported by the record.

C. THE SANCTIONS

1. The *Burnet* factors

Wadsworth and Rohlke also argue that the trial court abused its discretion by not considering the *Burnet*[30] factors before imposing a monetary sanction. However, the *Burnet* factors do not apply to a monetary sanction. *Blair v. TA-Seattle E. No. 176*, 171 Wn.2d 342, 351, 254 P.3d 797 (2011). Thus, the trial court did not abuse its discretion in awarding a monetary sanction without considering the *Burnet* factors.

2. The trial court's finding of willful violation

The trial court found that Wadsworth and Rohlke had been ordered to produce all responsive documents by April 25, and that they repeatedly failed to do so. The trial court also found that they failed to fully comply with the trial court's orders until October 15, 2014, the date they produced 40,000 documents to Walker. The trial court also found that, based on Wadsworth's and Rohlke's failure to comply, they willfully violated the trial court's orders to compel. The trial court's findings are supported by the record. Because the trial court's findings support the court's award of sanctions, we hold that the trial court did not abuse its discretion in awarding sanctions and in entering judgments against Wadsworth and Rohlke.

---

[30] *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997).

25

No. 46814-0-II
(Consol. with No. 47134-5-II)

ATTORNEY FEES AND COSTS

Walker requests attorney fees and costs on appeal under RAP 14.2,[31] RAP 18.1(a),[32] CR 37(a)(4),[33] and CR 37(b).[34] We award Walker her reasonable attorney fees and costs.

RAP 14.2 authorizes an appellate court to award costs to the prevailing party on appeal. RAP 18.1(a) allows a party to recover its reasonable attorney fees and costs on appeal if an applicable law grants that party a right to recover attorney fees and costs. A party may recover attorney fees and expenses on appeal under CR 37. *Magaña*, 167 Wn.2d at 593; RAP 18.1(a). CR 37((a)(4) requires an award of reasonable expenses, including attorney fees, to a party moving to compel discovery payable by the "party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them." CR 37(b) requires a party failing to obey a discovery "order or the attorney advising him or her or both to pay the reasonable expenses, including attorney fees, caused by the failure."

---

[31] A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review. RAP 14.2.

[32] A party may recover reasonable attorney fees or expenses on review before the Court of Appeals if applicable law grants to a party the right to recover. RAP 18.1(a).

[33] If a motion is granted, the court shall, after an opportunity for hearing, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. CR 37(a)(4).

[34] CR 37(b) permits a court to impose sanctions for failure to comply with a court order.

Wadsworth's and Rohlke's "willful violation" was not substantially justified. Thus, an award of reasonable attorney fees and costs on appeal to Walker, as the prevailing party, is appropriate under RAP 14.2, RAP 18.1(a), CR 37(a)(4) and CR 37(b).

CONCLUSION

We hold that the trial court had the authority to hear the plaintiffs' motions to compel because plaintiffs' counsel satisfied CR 26(i)'s requirements. We also hold that the trial court's orders to compel were clear and that the trial court's finding, that Wadsworth and Rohlke had control over the corporate documents, is supported by the record. Thus, we hold that the trial court did not abuse its discretion when it ordered them to answer the discovery and produce all responsive documents. We also hold that the trial court's finding, that Wadsworth and Rohlke willfully violated the trial court's orders, is supported by the record. Thus, we hold the trial court

No. 46814-0-II
(Consol. with No. 47134-5-II)

did not abuse its discretion when it awarded sanctions and entered judgments against them. We affirm the trial court's orders, and we also award Walker her reasonable attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

JOHANSON, J.